[No. 5969.   Decided January 29, 1906.]

JOHN F. MAIN, *as Administrator etc. of William Urquhart, Deceased, Respondent,* v. CHARLES HADFIELD, *Appellant.*[1]

EXECUTORS AND ADMINISTRATORS — DISCOVERY — EXAMINATION OF PARTY SUSPECTED OF CONCEALING PROPERTY OF ESTATE—PROCEDURE—STATUTE—CONSTRUCTION.   Under Bal. Code, §§ 6212, 6213, providing for the citation, and examination under oath, before the court, of persons suspected of having property belonging to an estate, and for their commitment, on failure to answer, the provision that all interrogatories shall be in writing and signed by the party examined does not require that interrogatories be prepared *in toto* before the hearing, but the court may require the matter to proceed summarily by questions reduced to writing and answered in writing in the presence of the court (FULLERTON, J., dissenting).

1Reported in 84 Pac. 12.

Appeal from an order of the superior court for King county, Frater, J., entered July 1, 1905, in favor of an administrator, requiring the defendant to answer interrogatories touching property of the estate alleged to be in his possession, and committing him to jail for refusal to answer. Affirmed.

*H. E. Peck,* for appellant.

*J. P. Wall* and *Graves, Palmer, Brown & Murphy,* for respondent.

DUNBAR, J.—This is an appeal from an order of the judge of the superior court of King county, requiring appellant to answer interrogatories in a special proceeding, and from an order committing him to jail until such interrogatories were answered. Citation was issued by John F. Main, as administrator of the estate of William Urquhart, deceased, to appellant, requiring him to disclose what he knew of the property belonging to the estate of the said William Urquhart. The citation was issued under Bal. Code, §§ 6212 and 6213. Section 6212 provides that,

"If the executor, administrator, heir, legatee, creditor or other person interested in the estate of any deceased person shall complain to the court on oath that any person is suspected of having concealed, embezzled, smuggled, conveyed away, or disposed of any moneys, goods, or chattels of the deceased, or that he has in his possession or knowledge any deeds, conveyances, bonds, contracts, or other writings, which contain evidence of or tend to disclose the right, title, interest, or claim of the deceased to any real or personal estate, or any claim, demand or last will of the deceased, the said court may cite such person to appear and may examine him on oath on the matter of such complaint," etc.

Section 6213 provides that, "if the person so cited refuse to appear and submit to such examination or to answer such interrogatories as may be put to him touching the matter of such complaint, the court may, by warrant for that purpose, commit him to the county jail," etc., and all such interroga-

tories and answers shall be in writing and shall be signed by the party examined, and filed in the court. The appellant in this case filed a general answer, but refused to submit to an examination before the court, and moved that the proceedings against him be dismisssed, which motion was by the court denied, and upon his refusal to answer, the order complained of was made.

As showing just what occurred at the trial, we quote briefly from the record. After the contention made by appellant's counsel that appellant had a right to have time for consultation with his attorney before answering the interrogatories, the court, among other things, after quoting the statute, said:

"Now if you want to insist on this objection I will postpone this hearing to a day certain and we will have the questions written out and the answers written, take a whole day for it, if necessary—get a typewriter and write the questions put and write the answers—have it written down in open court. If you want to do that we will do it. You have a reporter here, if you want him to take it down and reduce it to writing in that way you may do that. Mr. Peck: We object to that, your honor. We do not know what course the inquiry is going to take. We want to stand on all the rights we have, from beginning to end, from first to last. The Court: I will continue the hearing to a later date. The interrogatories may then be put and reduced to writing in the court, and the answers reduced to writing. Mr. Peck: That is, oral questions will be put to the parties cited? The Court: The questions will be reduced to writing in the presence of the court, and they will also be answered in the presence of the court and be reduced to writing. Mr. Wall: The question will be reduced to writing before it is required to be answered? The Court: Yes, sir; be reduced to writing before it is required to be answered. Of course, if you want to hold to a strict construction of it, to avoid any question that will be the procedure. I will continue the hearing till Saturday, July 1st, at 9:30 a. m."

Upon the convening of court at the time to which the hearing was adjourned, the same objection was made by counsel for the appellant, and the demand was made that

the complainant be required to submit his interrogatories in writing, and that the answers be in writing and signed. Counsel for the relator, Mr. Murphy, said:

"I understand your position is, Mr. Peck, that you want to take the interrogatories, consult together and put in your answers and we can base any other interrogatories we wish upon the answers you might make? Mr. Peck: The questions are to be put in toto and we answer them in toto."

Whereupon the court insisted that the matter proceed by questions reduced to writing and by answers reduced to writing, and the appellant, under advice of his counsel, refused to answer. So that it would seem that the contention of the appellant is that he had a right to have all the interrogatories reduced to writing and submitted to him before he was required to answer any of them; while the construction placed upon the statute by the court was that an interrogatory should be reduced to writing and propounded, and answered by the appellant.

We think the construction contended for by the appellant cannot be sustained. The cases cited by him are cases where the exact point in issue here was not involved; and if it was the statute construed in the case of *Marlin v. Clapp,* 99 Mass. 470, is not identical with our statute in some essential particulars. In the statute there construed, as quoted in the report, the language is, "the court may cite such suspected person, though he is executor or administrator, to appear and be examined on oath upon the matter of the complaint;" while our statute provides that "the said court may cite such person to appear and may examine him on oath upon the matter of such complaint." Under our statute it is the court which cites him to appear, and it is the court who may examine him on oath upon the matter suggested in the complaint. The object of the statute is to elicit testimony for the purpose of furnishing the administrator with sufficient knowledge upon which to base a formal complaint against the defendant. The defendant in such case is not entitled to

any more than the statute accords him, and it does not accord
him, in terms or by necessary implication, the right to a
formal procedure in such a case.  Such rights he is entitled
to afterwards when the action is brought against him, if it is
brought.

As further conveying the idea that it is an examination
before the court, the latter part of § 6212 provides:  "If
such person be not in the county where letters have been
granted, he may be cited and examined, either before the court
for the county where he may be found, or before the court issu-
ing the order or citation."  The idea seems to prevail through-
out that this is to be a summary examination, and not a case
where issues are formed and tried.  The same formal pro-
visions are not provided for in this chapter as are provided
for in the chapter in relation to the examination of parties
to an action.  Section 6008 provides that a party to an action
or proceeding may be examined as a witness at the instance
of the adverse party.  Section 6009 provides that, instead of
the examination being had at the trial, interrogatories may
be filed for the discovery of facts and documents material to
the support or defense of the action, to be answered on oath
by the adverse party.  And § 6010 provides that such inter-
rogatories shall be served in the manner provided by law for
the service of summons, or by service upon the attorney of
the party to be interrogated, and the answers thereto shall
be served and filed within twenty days after such service,
unless for cause shown further time be allowed by the court.

These two statutes, in regard to the examination of adverse
parties as witnesses and to the examination of parties thought
to have possession of the property of an estate, were both
passed by the first session of the legislature of this state, in
1854, and incorporated into the code in that section, and have
been brought forward from that day until this; showing that
the legislature at the session of 1854 had in mind two different
processes for obtaining summary information from witnesses,
one providing for the preparation of the interrogatories and

formal and legal notice thereof, and the other for the examination before the court with the simple provision that the questions and answers should be in writing and filed in the court. There was no objection in this case to the party having the benefit of the presence and advice of counsel, the contention being, as we have seen, that all the interrogatories should be prepared in advance before any answers were made to them.

We think the court properly construed the statute, and its judgment will therefore be affirmed.

MOUNT, C. J., CROW, ROOT, HADLEY, and RUDKIN, JJ., concur.

FULLERTON, J., dissents.