### HARRIET C. MARTIN *vs.* MARY CLAPP.

The probate court may permit a party cited for examination on a complaint under the Gen Sts. c. 96, § 6, for fraudulently concealing effects of a deceased person, to appear and be assisted by counsel in responding to the charges in the complaint and making answers to interrogatories concerning the same.

APPEAL from a decree of the probate court in the matter of a complaint of Harriet C. Martin, on the Gen. Sts. c. 96, § 6,*

----

* Upon complaint made to the probate court by an executor, administra-tor, heir, legatee, creditor or other person interested in the estate of a person deceased, against any one suspected of having fraudulently received, concealed, embezzled or conveyed away any money, goods, effects or other estate, real or personal, of the deceased, the court may cite such suspected person, though he is executor or administrator, to appear and be examined on oath upon the mat-tei of the complaint. If the person so cited refuses to appear and submit to

against Mary Clapp, for fraudulently concealing effects of Calvin Martin, the deceased husband of the complainant; which decree, after reciting that " the parties appeared with their counsel," that the respondent " claimed the right to appear and be assisted by counsel in responding to the charges against her in the complaint, and in making answers to such interrogatories as might be put to her concerning the same," and that " the complainant by her counsel objected to such appearance," ordered that the respondent might so appear and be assisted.  *Gray*, J., affirmed the decree; and the complainant appealed to the full court.

*T. P. Pingree*, for the complainant.

*E. Merwin*, for the respondent, was not called upon.

WELLS, J.  Proceedings under the Gen. Sts. *c.* 96, § 6, are for the purpose of discovery in a summary mode.  They are not the foundation of any decree, but are merely subsidiary to some other proceeding, either in the same or some other court.  The examination is wholly in writing.  The judge has no occasion to scrutinize the manner or appearance of the respondent, nor to pass upon the correctness or falsity of her statements.  She is not a witness, but a party, entitled to an appeal.  *Arnold* v. *Sabin*, 4 Cush. 46.  No supporting and no opposing testimony is received.  The discovery is not only the purpose, but the end of the proceedings under the complaint.

Upon an examination under a similar provision of the insolvent laws, it was decided (*Ex parte Winsor*, 8 Law Reporter, 514, referred to in argument) that the party cited should be permitted to consult counsel before making his answers.  The opinion of the court in the case of *Peabody* v. *Harmon*, 3 Gray, 113, indicates that in the examination of a creditor offering his claim for proof in insolvency the privilege of consulting counsel is a matter of discretion with the judge or commissioner, to be

---

examination, or to answer such interrogatories as are lawfully propounded to him, the court may commit him to the jail, there to remain in close custody until he submits to the order of the court.  The interrogatories and answers shall be in writing, signed by the party examined, and filed in the probate court.

exercised in view of the circumstances of the particular case, and the nature of the inquiry.

The reasons for regarding the privilege of counsel as the right of a party cited for examination upon a complaint under this statute are much stronger than in the case of a creditor offering his claim for proof. Whether it be an absolute right, or only a privilege to be enjoyed with the permission and at the discretion of the judge of the probate court, we are of opinion that the appeal in this case cannot be sustained. Although the privilege of counsel was claimed as a right, it does not appear to have been conceded as such. There is nothing in the case to show that it was not properly granted.

*Decree of probate court affirmed.*