L. F. GRIMES ET AL. v. C. K. CHAMBERLAIN ET AL.

[FILED OCTOBER 16, 1889.]

1. **Practice:** DISMISSAL WITHOUT PREJUDICE. An action may be dismissed without prejudice to a future action by a plaintiff before the final submission of the case to the jury or court where the trial is to the court (sec. 430 of the Civil Code); and such dismissal may be made at the option of the plaintiff without leave of the court. It is a right specially given by statute which the court has no power to refuse. An entry of dismissal

terminates the jurisdiction of the court over the cause of action presented by such plaintiff, except for the purpose of entering the order of dismissal and rendering judgment for costs.

2. **Supreme Court:** JURISDICTION. The supreme court, in the exercise of its appellate jurisdiction, has no authority to reinstate a cause in the district court which has been there voluntarily dismissed by the plaintiff. Where it is claimed that a dismissal was obtained by fraud, an application to reinstate must be made in the court where the cause was pending at the time the dismissal was entered.

3. ———: ———. An order of the district court refusing to dismiss a cause upon the motion of a defendant is not a final order which can be reviewed upon error to the supreme court.

ERROR to the district court for Johnson county. Tried below before APPELGET, J.

*S. P. Davidson,* for plaintiff in error:

The agreement between Wright and Chamberlain, under which the latter's interest in the suit arose, was champertous and void. (*Backus v. Byron,* 4 Mich., 535; *Barker v. Barker,* 14 Wis., 131*; *Allard v. Lamirande,* 29 Wis., 502; *Wildey v. Crane,* 63 Mich., 720; Crim. Code, sec. 159; *Key v. Vattier,* 1 O., 142; *Poe v. Davis,* 29 Ala., 676; *Lathrop v. Bank,* 9 Metc. [Mass.], 489; *Lytle v. State,* 17 Ark., 663, 679; *McDonald v. R. Co.,* 29 Ia., 170–4; *Boardman v. Thompson,* 25 Id., 487; *Ackert v. Barker,* 131 Mass., 436; *Belding v. Smythe,* 138 Id., 530–2; *Miller v. Larson,* 19 Wis., 463.) There is nothing in this case upon which a lien for fees could attach. (Comp. Stats., ch. 7, sec. 8; *Lavender v. Atkins,* 20 Neb., 206.)

*A. M. Appelget,* and *C. K. Chamberlain,* for defendants in error. No brief filed.

REESE, CH. J.

This action was instituted in the district court of Johnson county in the name of William R. Wright and Sytha

Phillips, formerly Sytha Wright, as the heir at law and widow of Henry R. Wright (the said William R. Wright being the sole heir), as plaintiffs, and against L. F. Grimes, as defendant, to quiet the title to certain real estate described in the petition. The petition was filed on the 8th day of December, 1888, and on the 7th day of January, 1889, Grimes filed a demurrer to said petition. On the 4th day of May, 1889, defendant in error, Chamberlain, filed his petition by which he sought to be made a party defendant in the action, alleging that he had an interest in the subject-matter of the suit and a legal estate in the land in dispute and adverse to both plaintiff and defendant. On the 6th day of May the plaintiffs, William R. Wright and Sytha E. Phillips, filed a "motion for dismissal of the action," which, omitting the formal parts, was as follows: "The above suit having been commenced by reason of induce-ments held out to us and before we were fully advised of our rights in the premises, we therefore of our own motion dismiss the above entitled cause and ask that the court enter an order herein dismissing the same." This instrument was signed by the parties themselves, and not by an attorney for them. It bore date January 1st, 1889. On the 18th day of May the application of Chamberlain to be made a party defendant was argued and submitted to the court; and on the 22d day of the same month defendant Grimes, by his attorney, filed his motion to dismiss the case, assigning as grounds therefor the fol-lowing:

1. Said plaintiffs were induced to institute said cause be-fore they fully understood whether such suit was necessary or not and before they understood the facts.

2. Said plaintiffs, before any answer was filed in said cause, asked that said cause be dismissed.

3. Said plaintiffs still ask for a dismissal of said cause.

4. Defendant Chamberlain has no such interest in this controversy as should be litigated in this suit.

5. All other parties in this suit ask that this cause be dismissed.

The petition and numerous exhibits attached to said motion, including the dismissal filed by the plaintiff, were referred to as a part of it and for the purpose of that hearing were included in it. On the same day A. M. Appelget filed his petition for leave to intervene, alleging that he was a duly authorized attorney of the district court, and as such was employed by and on behalf of the plaintiffs in the action at the time of the commencement of the suit; that prior to the filing of the dismissal of the suit by plaintiffs, which was filed without the knowledge of the said attorney, the applicant filed, in connection with C. K. Chamberlain, also an attorney for plaintiff in said cause, his lien as attorney for services rendered plaintiff, in the sum of $2,000, and gave notice to the attorneys of the defendant in writing of the filing thereof; that no part of the said $2,000 had been paid, and that he had an interest in the subject-matter in litigation to the extent of the said lien and adverse to both plaintiff and defendant. He therefore asked to be made a party defendant and to be permitted to defend as against defendant Grimes and prosecute the suit as against the plaintiff. On the same day, to-wit, May 22, 1889, the following order was made in the case, being the only one shown by this transcript:

"And now on this 22d day of May, A. D. 1889, this cause coming on further to be heard upon the application of defendant A. M. Appelget to be made a party defendant, and after the introduction of the proofs and the arguments of counsel, it is considered and ordered that said application of said A. M. Appelget to be made a party be and the same is sustained and he is made a party defendant, to which defendant Grimes excepts. And the court, having had the cause under advisement, upon the application of Clarence K. Chamberlain to be made a party defendant, and being advised in the premises, it is

considered and ordered that said application be sustained, and said Clarence K. Chamberlain be made a party defendant, to which defendant Grimes excepts, and is allowed forty days from the rising of court to reduce exceptions to writing, and defendants Appelget and Chamberlain allowed thirty days in which to plead. And thereupon this cause coming on further to be heard, upon the motion of defendant Grimes to dismiss this cause, and after the introduction of the evidence and argument of counsel, it is considered and adjudged that said motion be and the same is hereby overruled and denied, to which defendant Grimes excepts, and is allowed forty days from rising of court to reduce his exceptions to writing."

For the purpose of a review plaintiff in error, who was defendant in the district court, brings the case here by proceedings in error.

Since the filing of the case in this court William R. Wright presents his motion, by which he "moves the court for an order declaring his dismissal of the action in the district court to be fraudulent and void, and striking the same from the files in the case, or that the cause be remanded to the district court for action in the premises." Certain affidavits and other exhibits attached to the transcript are referred to in support of his motion. "He further tenders to the said Grimes the sum of $210, being the sum paid by said Grimes and refused by reason of the fraudulent representation of said Grimes, as more fully set out in said exhibits. He asks to be restored to his rights in the premises as fully as though said papers purporting to be a dismissal had not been executed or filed."

The defendants in error, Chamberlain and Appelget, also filed their motion to dismiss the proceedings in error, assigning as a ground for such motion that neither the ruling of the court upon the motion of plaintiff in error to dismiss the action in the court below, nor its ruling upon the application of Chamberlain and Appelget to be made

parties defendant, was a final order which could be reviewed by proceedings in error, and asking that the cause be remanded to the district court for further proceedings.

The cause is submitted upon these motions and generally.

As we view the case, there is no question presented by the motion of Wright which can be decided by this court.

Section 430 of the Civil Code provides that "An action may be dismissed without prejudice to future action; first, by the plaintiff, before the final submission of the case to the jury, or to the court, where the trial is by the court." As is shown by the dates hereinbefore given on which the various proceedings were had, the dismissal of the case was made by Wright and Phillips pending the demurrer, and before answer filed. By the filing of his dismissal in the district court his case was at an end, and in so far as he was concerned the court could do nothing more than render judgment against him for costs.

This court, in the exercise of its appellate jurisdiction, can take no action on this motion to have his dismissal declared fraudulent or to remand the case. He did not bring it here and he cannot cause it to be remanded. The court therefore declines to enter upon an investigation of the manner in which the dismissal was procured or to undertake to settle any questions growing out of it. His remedy is in the district court.

The next question presented is upon the motion of defendants in error, Chamberlain and Appelget, to dismiss the proceeding in error, the contention being that neither the ruling of the court upon the motion of plaintiff in error to dismiss, nor upon the application of defendant in error to intervene, was a final order from which error would lie.

By sec. 581 of the Civil Code a final order which may be reviewed upon error is defined, and is said to be "An order affecting a substantial right in an action when such

order in effect determines the action and prevents a judgment and an order affecting a substantial right made in a special proceeding, or upon a summary application in an action after judgment."

In view of the many decisions of this court construing this section it would seem hardly necessary to enter upon its consideration here.    The order made was not final because, whether right or wrong, the case remains upon the docket of the district court for further hearing.    The order does not prevent a judgment or determine a right.    It cannot therefore be reviewed upon error until after a final judgment is rendered in the case which remains in the district court.

The motion to dismiss the proceeding in error is sustained.

JUDGMENT ACCORDINGLY.

THE other Judges concur.