HIRAM R. EDGAR, APPELLANT, V. GEORGE W. KELLER
ET AL., APPELLEES.

FILED JANUARY 3, 1895.   No. 5357.

**Review:** INTERLOCUTORY ORDERS. An order of a district court
which, in effect, determines that an appeal from an inferior court
had been perfected in due time allowed by law for such purpose
and places the case upon its docket for adjudication, *held*, not a
final order and not subject to review upon error to this court.

APPEAL from to the district court of Cherry county.
Heard below before CRITES, J.

*J. Wesley Tucker*, for appellant.

*Ed. Clarke, contra.*

HARRISON, J.

The plaintiff commenced an action against the defendants
in the county court of Cherry county, and on the 10th day
of November, A. D. 1890, and as a result of a trial therein,
recovered a judgment for $25 and costs. It appears that
during the progress of appeal proceedings by the defend-
ants the county judge took, in accordance with a promise
made to the attorney for defendants, the transcript, to-
gether with other and the original papers in the case, into
the clerk's office and left them there for filing; that for
some reason the filing mark was not then placed upon the
transcript or any of the papers. After the expiration of
thirty days from the time the judgment was rendered in
the county court the plaintiff filed the following motion:

"Comes now the plaintiff and avers and shows to the
court that on the 10th day of November, 1890, plaintiff
herein recovered judgment against the defendant herein,
before F. M. Wolcott, county judge in and for the county
of Cherry aforesaid, for the sum of $25 and costs, taxed at

$298.75; that on the 11th day of November, 1890, the defendant executed his appeal bond, which was approved by the said F. M. Wolcott, county judge as aforesaid; that the defendant has failed to perfect his appeal by delivering to the clerk a transcript of said case and having his appeal docketed within thirty days next following the rendition of said judgment; that plaintiff herein has caused a transcript of the proceedings of said county judge to be filed and caused said case to be docketed. Wherefore plaintiff prays that judgment be entered in favor of plaintiff, and against the defendant, for $25 and costs as aforesaid, taxed at $298.75, together with all costs that have accrued in this court, and that execution be awarded thereon."

On the 22d day of May, 1891, during a term of the district court then being held in Cherry county, affidavits were filed and oral testimony taken, the purpose of the evidence adduced being to show the leaving, or filing, of the transcript with the clerk within the time required by law in order to perfect the appeal, and on the part of the plaintiff to prove the opposite state of facts. The conclusions and order of the judge who heard this portion of the case in the district court are contained in the following statement: "And after hearing the evidence on both sides, the court overruled said motion, and directed the clerk to file the document transcript, as of December the 4th, 1890, upon the payment of the fees therefor by defendants, to which ruling and judgment of the court the plaintiff then and there duly excepted." The effect of the above decision of the court was to establish that the defendants had in fact perfected the appeal within the time provided by law, and were entitled to the full benefit of such appeal, and further to retain the case for trial in the district court upon its merits. The question then arises, was this such an order as to entitle the plaintiff to its review in proceedings in error to this court upon such order, separated and independent of the case in which it was a part of the proceed-

ings? A final order from which error will lie for its review is defined in section 581 of the Code of Civil Procedure, and is stated to be "An order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, * * * is a final order which may be vacated, modified, or reversed, as provided in this title." The order complained of in the error proceedings now under consideration was not such an order as is described in the section quoted. It was not final, for, whether it was a correct or erroneous determination of the matters presented for adjudication, the case was retained by the court for hearing, or trial and judgment, between the parties upon its merits. The plaintiff is not prevented by it from recovering judgment. It follows that it cannot be reviewed in this proceeding. (See *Grimes v. Chamberlain*, 27 Neb., 605; *Hall v. Vanier*, 7 Neb., 308; *Persinger v. Tinkle*, 34 Neb., 5; *Artman v. West Point Mfg. Co.*, 16 Neb., 572; *Brown v. Edgerton*, 14 Neb., 453; *Brown v. Rice*, 30 Neb., 236.) The petition in error is

DISMISSED.