CURTIS W. RIBBLE, ADMINISTRATOR OF THE ESTATE OF JAMES M. BULLION, DECEASED, v. NETTIE FURMIN.

FILED MAY 6, 1903. No. 13,175.

Appeal and Error: FINAL ORDER. A judgment of the district court on appeal from an inferior tribunal, which is a complete adjudication so far as the district court is concerned, so as to leave nothing further to be done in that court, is a final order within the purview of section 582 of the code, although the cause is remanded for further proceedings below.

ERROR to the district court for Saline county: GEORGE W. STUBBS, DISTRICT JUDGE. Motion to dismiss proceeding in error. *Motion denied.*

*Leonard W. Colby* and *A. S. Sands,* for plaintiff in error.

*George H. Hastings* and *Robert Ryan, contra.*

POUND, C.

Nettie Furmin applied to the county court of Saline
county for leave to file a claim against the estate of James
M. Bullion, deceased, after an order barring claims.   The
application appears to have been made under sections 218,
219, chapter 23, Compiled Statutes (Annotated Statutes,
5083, 5084), and to have been filed in due time.   It was
denied, and the petitioner appealed to the district court.
Issues were joined in that court by pleadings, and the
administrator requested a trial by jury. . But the court,
evidently believing that a question of law, whether the
claimant should be permitted to file her claim, was all
that was before him, denied this request and confined the
hearing in substance to this one point.   In consequence,
the judgment of the district court does not dispose of the
merits, but goes only to the right to have a hearing on the
claim.   It is in these words:

"It is therefore considered and ordered by the court that
the order of the county court be reversed, and the county
court ordered to permit the filing of the claim and to set
a day for hearing, and to proceed to hear and pass upon
the claim."

Error is prosecuted from this judgment.   The defendant
in error contends that it is not a judgment or final order
within the meaning of section 582 of the code, and moves
to dismiss on that ground.

Appeals to the district court in matters of probate and
administration are governed by sections 42-48, chapter 20,
Compiled    Statutes  (Annotated    Statutes,    4823-4829).
*Malick v. McDermot,* 25 Neb. 267.   Section 47 provides
that when the transcript on appeal is filed in the district
court "that court shall be possessed of the action, and shall
proceed to hear, try and determine the same, in like man-
ner as upon appeals, brought upon the judgments of the
same court in civil actions."  Appeals from judgments in
ordinary civil actions in the county court are covered by
section 26, chapter 20, Compiled Statutes (Annotated

Statutes, 4809), which prescribes the same procedure as upon appeals from justices of the peace. We are thus referred to section 1010 of the code, which governs such cases, and provides that upon appeal the cause shall proceed, "in all respects, in the same manner as though the action had been originally instituted in the said court." It will be seen therefore that the district court clearly had the power to render a final judgment upon the merits of the claim. The order denying leave to file the claim was a final order since it in effect prevented a judgment and determined the proceeding within the purview of section 581 of the code. When this order was appealed from and the transcript filed, the district court acquired jurisdiction of the whole matter and power to deal with it as though the application had been filed in that court originally. *Jacobs v. Morrow,* 21 Neb. 233. Even if the cause had been taken to the district court upon error, the same course would have been proper. *Maryott & McHurron v. Gardner,* 50 Neb. 320. The legislature evidently intended that causes should be settled finally in the district court when taken there by appeal or error and that parties should not be compelled to go back and forth from the lower to the higher tribunal in matters involving small sums as is so often the case in the more important causes brought in the district court and reviewed in the supreme court. Hence, it is doubtful whether any warrant is to be found for the course taken in the case at bar so far as the judgment remands the cause for further proceedings in the county court. But, as the district court has refused to pass upon the merits and make a final disposition of the claim, and the judgment actually rendered, not a judgment of the sort which might and, we think, ought to have been rendered, is before us, the question arises whether such judgment is within the purview of section 582 of the code, so as to be reviewable on petition in error.

Said section 582 provides that "a judgment rendered or final order made by the district court, may be reversed, vacated or modified by the supreme court, for errors ap-

pearing on the record." Construing this section and the one preceding, this court has established the general rule that a judgment or order, to be final and subject to review by petition in error or appeal, must dispose of the case fully and leave nothing for further determination. *Smith v. Sahler,* 1 Neb. 310; *Hall v. Vanier,* 7 Neb. 397; *Grimes v. Chamberlain,* 27 Neb. 605; *Edgar v. Keller,* 43 Neb. 263; *Parmele v. Schroeder,* 59 Neb. 553. In *Smith v. Sahler* it was said that the judgment must "dispose of the merits of the case, and leave nothing for the further determination of the court." In *Hall v. Vanier* the court said the judgment must be one "that disposes of the merits of the case" and that "no judgment or order which does not determine the rights of the parties in the cause, and preclude further inquiry into their rights in the premises, is final." Finally, in *Parmele v. Schroeder,* the court said: "A decree is not final, if anything remains to be done by the court before it can be executed."

We are of opinion that the statement in *Hall v. Vanier,* standing apart from the facts of that case, and as applicable to all cases, is too broad, and that the test proposed in *Parmele v. Schroeder* is much to be preferred. A judgment may completely dispose of the cause, as far as the court in which it is rendered is concerned, and yet may not completely determine the rights of the parties and preclude all further inquiry with respect thereto. In view of subsequent decisions to be noticed presently, we are satisfied that the statement of the rule in *Hall v. Vanier* should be modified and that a better statement would be: No judgment or order, which does not preclude further inquiry into the rights of the parties in the court in which it is rendered, is final. Even so stated, however, it requires some explanation with respect to proceedings in error from inferior tribunals and proceedings in the district court for vacation or modification of its own judgments.

A petition in error in the district court to review a judgment or order of an inferior tribunal is an independent proceeding, having for its immediate object a reversal

of the judgment or order complained of. Hence, a judgment of reversal in such a case may be reviewed in this court, notwithstanding the cause stands for trial on its merits in the district court, under section 601 of the code, after such judgment. *Dane County Bank v. Garrett*, 48 Neb. 916; *Tootle, Hosea & Co. v. Jones*, 19 Neb. 588; *Banks v. Uhl*, 5 Neb. 240. As the immediate object of the proceeding is to reverse the judgment or order of the inferior tribunal, the proceeding is regarded as fully terminated when that judgment is reversed, and the original cause remains for trial in the district court after reversal, not the independent error proceeding. Such, we take it, is the meaning of what was said in *Banks v. Uhl*. For the same reasons, an order setting aside a judgment after the term at which it was rendered, under section 318 of the code, is a final order and may be reviewed on error. *Johnson v. Parrotte*, 34 Neb. 26. Such orders can be made only in special proceedings, instituted for that purpose by petition and summons, and the order vacating the judgment fully terminates such proceedings and leaves nothing more to be done therein. The original cause still remains for hearing and disposition. But it is a distinct case, having no relation to the proceeding to vacate the judgment, which has wholly terminated and for that reason its pendency can not preclude review of the order. On the other hand orders made in the cause itself, without any new, special and distinct proceedings, are not final and in consequence are not reviewable so long as the cause remains undisposed of. *Edgar v. Keller*, 43 Neb. 263; *Grimes v. Chamberlain*, 27 Neb. 605; *Artman v. West Point Mfg. Co.*, 16 Neb. 572. In the one class of cases, nothing further remains for the court to do in the proceeding in hand. In the other, notwithstanding the order, before such order can have any substantial effect on the rights of the parties, there must be further action in the same court and in the same proceeding. Such, we think, is the distinction which the court had in mind in *Parmele v. Schroeder*.

For the reasons stated, we are of opinion that a judg-

ment of the district court on appeal from an inferior tribunal, which is a complete adjudication so far as the district court is concerned, so as to leave nothing further to be done in that court, is a final order within the purview of section 582 of the code. Counsel make an ingenious distinction between a judgment of reversal in error proceedings and the anomalous reversal and remand upon appeal in the case at bar. As they point out, the error proceeding is distinct and independent, while the appeal is a mere continuation of the same cause in another court. When judgment of reversal is entered in the error proceeding, that proceeding is at an end. When rendered on appeal, the same cause is still pending and undisposed of. But when, on appeal, the judgment of reversal also remands the cause for further proceedings in the inferior tribunal, it is manifest that the cause is fully disposed of so far as the district court is concerned. It has nothing more to do. Its judgment may be executed fully without any further action. All further inquiry into the rights of the parties in that court is precluded. The judgment of the district court is final because it terminates the proceedings in that court and leaves nothing pending therein.

We therefore recommend that the motion be denied.

DUFFIE and KIRKPATRICK, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the motion to dismiss be denied.

MOTION DENIED.