WILLIAM PRANTE, GUARDIAN, V. OSCAR LOMPE, GUARDIAN.

FILED OCTOBER 18, 1906.    No. 14,298.

1. **Insane Persons**: GUARDIAN, APPOINTMENT OF: PARTIES.  In a proceeding on a petition for the appointment of a guardian for an alleged feeble-minded person, his next of kin are proper parties and may appear in court and oppose the granting of the petition.

2. **Trial**: WAIVER.  It is error for the county court to hear a petition for the appointment of a guardian for an alleged feeble-minded person prior to the hour set for the hearing upon the stipulation of such feeble-minded person acting without counsel, waiving the time of hearing.

3. **Probate Court**: APPEAL: PROCEDURE.  Where a judgment of a county court is reversed by a district court in a proceeding in error, the district court may retain such cause for trial.  This rule applies to matters of probate jurisdiction as well as to civil actions.

ERROR to the district court for Nemaha county:  WILLIAM H. KELLIGAR, JUDGE.  *Affirmed.*

*H. A. Lambert* and *C. O. French,* for plaintiff in error.

*E. Ferneau, Stull & Hawxby* and *W. F. Buck,* contra.

EPPERSON, C.

On January 10, 1905, William Prante filed a petition in the county court of Nemaha county, alleging that Harmon Ray is a resident of that county, and is possessed of personal property of the value of $10,000 and the owner of real estate of the value of $100,000; that the mental powers of the said Ray have been failing for some time;

and on account of mental disease and mental delusions he has become mentally incompetent to have the charge and management of his property; that said Ray has two children, aged respectively 14 and 8 years, and residents of Thayer county, Nebraska. The petition concludes with a prayer that a time may be fixed for hearing of said petition; that notice of its pendency be given to said Ray and his minor children, as required by law, and that on the hearing thereof A. M. Engles and John McConnell should be appointed guardians. The county court fixed January 27, 1905, for the hearing of said petition, and made an order requiring a notice thereof to be served upon said Ray and his children. On the day fixed for hearing, Ray appeared with his counsel and asked that the case be continued. This request was granted, and the hearing adjourned until February 28, at 10 A. M. On February 28, at 45 minutes after 8 o'clock in the forenoon, Ray and the petitioner, Prante, appeared and asked that the petition be immediately heard. Ray stated in open court that he wished the litigation to cease; that he wanted a guardian appointed, and requested the appointment of Prante, and did not wish to await the arrival of his attorneys or to be represented by them. The court thereupon proceeded with the hearing; found for the petitioner, and appointed William Prante guardian. As shown by the record, the hearing was had and the judgment announced appointing a guardian to take charge of more than $100,000 worth of property, depriving the alleged incompetent person of his liberty to the extent of placing him under guardianship, all within the short space of 25 minutes. At 10 minutes after 9 A. M., J. S. Stull came into court and filed an answer, sworn to by Ray on the preceding day, and W. F. Buck came also and said that he was attorney for Oscar Lompe, the guardian of Ray's children, filed an answer in behalf of said children and their guardian, asked that the cause be opened, the judgment set aside, and the case retried. This request, on the objection of both Ray and Prante,

was refused. Lompe then prepared and filed a formal motion asking that the findings and judgment of the court be set aside for irregularities in the proceedings, among other things alleging that the hearing was had in the absence of Lompe's and Ray's attorneys; that it was heard prior to the hour previously fixed, and that Ray had been wrongfully induced to consent to Prante's appointment. The court overruled the motion, and Lompe prosecuted error proceedings in the district court to reverse the judgment of the county court. Upon the hearing there, the district court found that the county court erred in hearing the case prior to the hour fixed and in refusing to hear the case on its merits on the request of Lompe. A judgment of reversal was entered, and the district court further ordered that the cause be retained for further proceedings. The petitioner, Prante, prosecutes error to this court.

Prante contends that the district court erred in reversing the judgment of the county court; that neither Ray's children nor their guardian were necessary parties to the proceedings in the county court and have no right to complain; that by the service of notice upon the alleged incompetent person the court acquired jurisdiction under the provisions of section 5384, Ann. St., and that therefore the court was not required to await the arrival of the hour appointed for the hearing to permit the next of kin to appear. Section 5384, *supra*, provides only for service of notice upon the alleged incompetent person. Under a very similar statute of Michigan the supreme court of that state has held that the petition for the appointment of a guardian was insufficient if it fail to allege the names of the next of kin (*In re Bassett*, 68 Mich. 348); and, further, that the next of kin were necessary parties, and that notice to them was indispensable to the court's jurisdiction (*In re Meyers*, 73 Mich. 401). Our statute nowhere expressly provides that notice shall be given to the next of kin, nor does it provide that the petition for the appointment shall be signed

by the next of kin. The court may be given jurisdiction of the subject matter upon a petition filed by a friend of the alleged incompetent person. We do not consider it necessary in the case at bar to determine whether or not under the provisions of the statutes of this state it is necessary to give notice of the proceedings to the next of kin. The county court has general jurisdiction in matters pertaining to guardianship, and it is its duty to protect the interests of the alleged incompetent person, and, further, to see to it that all proceedings in which the alleged feeble-minded person is interested are regular in every respect. Incident to this general jurisdiction, it is within the power of the court, even though it may not be required by statute, to give notice to the next of kin of the alleged incompetent person, that they may appear and protect his rights. Especially should this be done when the petition is filed by one other than the next of kin.

In the case at bar the county court, in the wise exercise of his discretion, directed a notice to be served on Ray's children, who were his next of kin. They were parties to the proceeding, and had a right to rely upon the order of the court adjourning the hearing to a subsequent day, and, further, had a right to appear and make a showing at the hour fixed for the hearing. It would be an absurdity to say that the next of kin have no interest in the proceedings and that they should be denied the privilege of appearing in behalf of their kindred. Ray's children were heirs apparent, and as such had an interest which would entitle them to appear and be heard. The court was required to determine not only Ray's incapacity to care for his own property, but must also determine whether he was a resident of the county and whether the proposed guardian is a suitable person. These issues were tendered in Lompe's answer. No one, other than the insane person himself, who must be considered incapable of acting for himself, is more interested in all these questions than the next of kin. They are interested, not only as heirs apparent, but also from a humanitarian standpoint, in

seeing that their unfortunate kinsman is put under the control of one who will diligently look after his property and interests.   On account of incomplete legislation regarding procedure in such cases, the responsibility of the courts is great, and it is their duty to hear, not only the petitions filed by the next of kin, but also objections made by such relatives in good faith for the benefit of the ward, or for the conservation of his property.   An alleged feeble-minded person may himself employ counsel and oppose the application for the appointment of a guardian, and, when he does so, should be heard by the court.   But an incompetent person can no more stipulate away his statutory rights for a hearing, nor waive jurisdictional rights, than he could execute a binding contract.   An adjudication of incompetency made by the court prior to the hour fixed for the hearing, and so heard upon the stipulation of the incompetent person acting without counsel, is an irregularity patent on the face of the record, and of this irregularity the next of kin, or their guardian, may complain.

Plaintiff further contends that the district court, upon finding reversible error in the judgment of the county court, should have remanded the case to the lower court instead of holding the cause for trial *de novo*.   Where the entire case is taken to the appellate court, as it is in the statutory proceedings of appeal from a judgment adjudging one insane, there can be no doubt but that the appellate court acquires jurisdiction under the provisions of section 4823, Ann. St., to try the case *de novo*.   The same course is proper upon reversal of a judgment of the county court in error proceedings.   *Maryott & McHurron v. Gardner,* 50 Neb. 320.   It is a rule of practice established in this state that the district court shall, upon the reversal of a judgment of the county court, hold the case for trial upon the merits.   Such is not an exercise of original jurisdiction.   In *Ribble v. Furmin,* 69 Neb. 38, it is said in the opinion by POUND, C.:

"The legislature evidently intended that causes should

be settled finally in the district court when taken there by appeal or error and that parties should not be compelled to go back and forth from the lower to the higher tribunal in matters involving small sums as is so often the case in the more important causes brought in the district court and reviewed in the supreme court."

It therefore follows that the judgment of the district court in reversing the judgment of the county court and holding the case for trial on the merits is right, and we recommend that it be affirmed.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.