AUGUST HENKEL, APPELLEE, V. WILLIAM BOUDREAU ET AL.,
                          APPELLANTS.

                 FILED SEPTEMBER 26, 1913. No. 17,242.

1. **Judgment:** FORMER ADJUDICATION: DISMISSAL. Where, in a peti-
tion on the commencement of an action, several persons are
named as plaintiffs, and before issue is joined by answer leave is
given to file an amended petition, and the name of one of the
plaintiffs is, without any order of the court, dropped from said
amended petition when filed, and the items set forth in the orig-
inal petition, for which the plaintiff, so dropped, alone could
recover, are also dropped from the amended petition, and there-
after defendants answer the amended petition, and plaintiff
replies to such answers, and the case proceeds to trial upon the
issues so joined, and no claim or demand of the plaintiff, so
dropped from the amended petition, is adjudicated upon such
trial, such action cannot be urged as a bar to plaintiff's right to
maintain a separate action in his own name, based upon his
individual cause of action.

2. **Appeal:** REVIEW. Where the record upon which a case is submitted
to this court contains no motion for a new trial, the only question
which will be considered will be the sufficiency of the pleadings
to sustain the judgment.

3. **Intoxicating Liquors:** ACTION FOR DAMAGES: SUFFICIENCY OF PETI-
TION. Upon the authority of *Buckmaster v. McElroy*, 20 Neb. 557,
the petition in this case is *held* to state a cause of action and to
be sufficient to sustain the judgment.

APPEAL from the district court for Franklin county:
HARRY S. DUNGAN, JUDGE. *Affirmed.*

*L. H. Blackledge* and *A. H. Byrum,* for appellants.

*M. A. Hartigan* and *W. H. Miller, contra.*

FAWCETT, J.

The substance of the petition is that on January 14,
1908, plaintiff, then a man 48 years of age, by occupation
a farmer, was in good health and successful in his occupa-
tion and business, from which he received annually the
sum of $1,000 and upwards; that the defendants William
Boudreau and Leonel Boudreau were then engaged in the

licensed sale of intoxicating liquors; that the defendant United States Fidelity & Guaranty Company is a bond and surety company; that for the purpose of securing licenses for engaging in said liquor business the company executed its bonds for said defendants; that on the date named, and for more than a year prior thereto, the defendants were engaged in the sale of liquors, were well and intimately acquainted with plaintiff, and during said time they gave and supplied plaintiff with intoxicating liquors in quantities and amounts, and continuously from time to time and so frequently and often that plaintiff became an habitual and confirmed drunkard; that on the date named plaintiff purchased and received from the defendants and drank the liquors so purchased until he became helplessly intoxicated; that when so intoxicated he attempted to drive his team home; that by reason of said intoxication caused by defendants he lost control of his horses and they ran away, throwing plaintiff from his wagon and so injuring him that it was necessary to amputate his right arm near the shoulder; that by reason of the injury, in addition to his confirmed habits and disease so fixed upon him by the use of the liquors sold and given to him by the defendants, plaintiff is unfit to carry on his usual occupation of a farmer; that he is permanently and effectually crippled for life; that it became necessary for plaintiff to employ surgical and medical services and to pay therefor the sum of $350; that plaintiff also incurred and paid out large sums for medicine, nursing and care in the further sum of $350; that by reason of the injuries aforesaid he is permanently crippled and injured for life, to his loss and damage in the sum of $15,000, for which amount he prays judgment.

One Frank Robbins was also joined as a defendant, but by direction of the court he was released from liability.

The defendants answered separately, but in like terms, in which answers they deny all allegations not admitted to be true; allege that the petition does not state facts sufficient to constitute a cause of action; that any injury

plaintiff received was the result of his own negligence; that if plaintiff was intoxicated at the time of the injury he voluntarily, by his own desire and by his own acts, became in such condition, and not by the desire, request, influence or contribution of the defendants. The answers further allege that plaintiff, his wife, Sophie Henkel, and five children recovered judgment in March, 1909, for $4,000 against the answering defendants for the aforesaid injuries, "which action is now pending on appeal in the supreme court of Nebraska." The reply is a general denial. There was a trial to the court and a jury. Judgment was entered against the defendants in favor of plaintiff for $1,500. Defendants appeal.

The defendants insist that plaintiff was a party plaintiff in the suit by Sophie Henkel, his wife, against these defendants, as set out in their answers, and that whatever claim he may have had against the defendants was finally adjudicated in that case. This contention is based upon the ground that plaintiff never was dismissed out of that case, as it was originally commenced, either by order of the court or by any action of record of plaintiff himself. That case went to judgment, and was appealed to this court, where the judgment was affirmed. *Henkel v. Boudreau*, 88 Neb. 784. It is undisputed that when that case was originally commenced the plaintiffs named in the title to the case were Mrs. Henkel, the five children, by Mrs. Henkel as their next friend, and August Henkel, plaintiff in this case. Defendants assailed the petition upon various grounds, and leave was given plaintiff to file an amended petition. In the amended petition August Henkel's name was dropped. The opening paragraph of the amended petition recites: "The plaintiff complains of the defendants and for cause of action shows unto the court in her own right and as well as the next friend for her minor children as follows," etc. In the amended petition specific items, which the original petition counted on in favor of August Henkel, are omitted. When defendants answered in that case, they answered the amended peti-

tion, and not the original, and therefore knew at the time they answered that August Henkel had dropped out of the case, and that no demand was being made for any recovery for him. That was the case tried, and that was the case presented in this court. The opinion by our then and present chief justice shows that no claim of August Henkel was litigated or decided. But, counsel say August Henkel was in the original case, and ask: "If so, how and when did he make his exit?" It is then argued that he could only get out of that case by a formal dismissal either by order of the court or by his own motion, and cases from Kansas are cited to sustain this contention. One of those cases is sufficient to refer to. In *Allen v. Dodson,* 39 Kan. 220, the first paragraph of the syllabus holds: "An action cannot be dismissed by the plaintiff by entry to that effect on the appearance docket. It is in the nature of a judgment, and requires the order of the court."

In *Grimes v. Chamberlain,* 27 Neb. 605, this court held: "An action may be dismissed without prejudice to a future action by a plaintiff before the final submission of the case to the jury or court where the trial is to the court (sec. 430 of the civil code); and such dismissal may be made at the option of the plaintiff without leave of the court. It is a right specially given by statute which the court has no power to refuse."

Under the authority of the above case, August Henkel had a perfect right, before the original case was submitted, and certainly before issue had been joined, to dismiss that case so far as he was concerned. The formal way would have been to have obtained an entry on the docket of the court showing such dismissal, but, the case having subsequently been tried on issues joined between the defendants and the remaining plaintiffs, the irregularity, if it be such, cannot now be urged. An examination of the instructions in the abstract before us shows that the trial court carefully safeguarded the defendants against any possibility of allowing plaintiff to recover for anything for

which his wife and children recovered in the other case. The irregularity was therefore without prejudice, and under section 145 of the code constitutes no ground for reversal.

This case was filed in this court while the abstract law was in force, and was submitted upon an abstract prepared by defendants. So far as the abstract shows, no verdict was ever returned by the jury. The abstract does not inform us why no verdict was returned, nor does it set out any motion for a new trial. All that it states is: "December 24, 1910, separate motions for new trial were made by Leonel Boudreau and the United States Fidelity & Guaranty Company. Motions were severally overruled and exception taken, and judgment was rendered by the court." In this condition of the record, all that we can consider is the sufficiency of the pleadings to sustain the judgment.

That the petition states a cause of action is the settled law of this state. *Buckmaster v. McElroy*, 20 Neb. 557. This opinion is vigorously assailed by counsel, but it has been frequently referred to and followed in subsequent decisions by this court. Counsel say that the case has been much criticised by other courts and text-writers, and also by this court. It is true the decision in that case was criticised in a dissenting opinion by one member of the court at the time it was decided. The subsequent criticism by this court, to which counsel refers, is evidently the statement by Judge POST in *Curtin v. Atkinson*, 36 Neb. 110, where the judge says: "And in *Buckmaster v. McElroy*, 20 Neb. 557, it was held that one who had suffered injury in consequence of his own voluntary intoxication may recover on the bond of the saloon-keeper from whom the liquor was procured. We are not disposed to recede from the position taken in previous decisions, notwithstanding the last-named case has been the subject of no little criticism, particularly by Mr. Black in his recent work on Intoxicating Liquors, sec. 291. But to further extend the liability of the saloon-keeper would be a palpable misconstruction of the liquor law and an unmistak-

able encroachment, upon the powers of the legislature." It will be seen from this quotation that this court has deliberately considered the criticisms passed upon *Buckmaster v. McElroy,* yet, notwithstanding such criticism, it has adhered to that case. Further comment upon that point is unnecessary.

As above stated, the petition states a cause of action. We have examined the instructions given by the court and find that they respond to the issues tendered by the pleadings. There is nothing before us to show that the motion for a new trial, which counsel say was filed, challenged the correctness of any of the instructions, or any of the rulings of the court during the trial, or the sufficiency of the evidence to sustain the verdict. This being true, there is nothing left for us to do but affirm the judgment.

AFFIRMED.

ROSE, SEDGWICK and HAMER, JJ., not sitting.