In re Estate of Elizabeth Egan, deceased. Leo Egan, special administrator of the estate of Elizabeth Egan, deceased, appellant, v. Kathryn Bunner, administratrix of the estate of Elizabeth Egan, deceased, appellee.

52 N. W. 2d 820

Filed April 11, 1952. No. 33132.

*Herman & Van Steenberg,* for appellant.

*William C. Heelan* and *Charles A. Fisher,* for appellee.

Heard before SIMMONS, C. J., MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CHAPPELL, J.

This is an appeal from an order of the district court overruling a motion filed therein by Leo Egan as special administrator to dismiss an appeal taken from the county court by the administratrix. The basis for the motion was that the order of the county court was not a final order from which an appeal could be taken to the district court, and that the district court was without jurisdiction or authority to hear and determine the issues presented by the transcript upon the merits. We dismiss the appeal.

Since the special administrator occupied the position of plaintiff and the administratrix that of defendant, they will be hereinafter designated as such. See In re Estate of Kothe, 131 Neb. 780, 270 N. W. 117.

The record discloses that plaintiff filed a petition in

the county court on September 21, 1950, in the estate of Elizabeth Egan, deceased, praying for his appointment as special administrator of the estate pending a hearing upon and disposition of an application for administration of the estate and the appointment of an administratrix therein, based upon the allegations that there were then on hand and in his possession cattle belonging to the estate which the proposed administratrix was unable to care for and which, being in good marketable condition, should be sold at the then good prices at an advantage for the estate. He also prayed for an order permitting him to sell so many of said cattle as in his judgment would be for the best interests of the estate, and for general equitable relief.

On September 22, 1950, after a hearing, plaintiff was appointed special administrator as prayed. He was required to give bond of $5,000, conditioned as required by law, and was permitted to buy necessary feed for such stock and sell as many of them belonging to the estate as in his judgment would be for the best interests of the estate.

The record does not disclose that he thereafter filed any inventory within two weeks after his appointment, as required by section 30-401, R. S. Supp., 1951. However, on January 5, 1951, plaintiff did file a final account of his administration as special administrator. Therein he reported that he had received $4,883.66 as net proceeds from the itemized sale of 14 cows and 12 steer calves, in which amount the estate had only an undivided one-fourth interest, or $1,220.92, and that the remaining three-fourths interest was the individual property of "your special administrator" under the provisions of a pre-existing verbal operating agreement with his mother, Elizabeth Egan, deceased. He also separately listed 67 other cattle still in his hands, in which he likewise alleged that the estate owned but a one-fourth interest, and that he owned the remaining three-fourths interest therein. All of such cattle he admitted,

however, were branded "OHO" which brand was registered in the name of Elizabeth Egan. The prayer of his account was that the "account be allowed as and for his final account as such special administrator of the estate of Elizabeth Egan, Deceased, and that upon payment and delivery of the assets in his possession to the party entitled thereto he be discharged as such special administrator and the surety on his Official Bond be released from further liability herein."

Thereafter defendant, the duly appointed, qualified, and acting administratrix of the estate, filed numerous appropriate objections to the allowance of such account. To enumerate them here would serve no purpose. It is sufficient to say that the effect of such objections was to substantially allege that plaintiff had failed and neglected therein to timely, fully, fairly, and correctly account as special administrator for all the property and money in his possession or knowledge belonging to the estate, as required by law. Such objections then prayed that a date be set for hearing upon the account and objections thereto, and that upon such hearing plaintiff should be required to make a full, complete, and correct accounting of his acts as special administrator.

On May 16, 1951, a hearing was held in the county court upon the purported account and the objections thereto. Thereafter, on June 7, 1951, the county court rendered a decree in writing, the effect of which was to sustain an oral motion of plaintiff and strike the objections of defendant as premature, and to order, adjudge, and decree that plaintiff's account should be allowed and that he should be discharged from his trust as special administrator upon delivery of the property set forth therein to defendant. Naturally, however, plaintiff's bond was ordered to be and remain in full force and effect until further order of the court.

Therefrom defendant duly perfected an appeal to the district court where a transcript from the county court was timely filed. Thereafter, on July 11, 1951, plain-

tiff filed his petition on appeal in the district court, designating himself therein as "the duly appointed, qualified and acting special administrator" and verifying the same "in his official capacity as special administrator." Plaintiff incorporated in and made a part of such petition his account as special administrator, reaffirmed the same, and alleged that it was true and correct in every respect. He also attached thereto and made a part thereof defendant's objections to his account, alleging that they were improper and untimely, and also recited therein the county court judgment rendered on June 7, 1951, alleging that it was correct. His prayer was for an order overruling defendant's objections, dismissing her appeal, allowing and approving plaintiff's account, or sustaining the decree of the county court, and if such decree should be found correct but indefinite or incomplete, the district court should remand the cause back to the county court for further proceedings.

On the same date plaintiff also filed a motion to dismiss defendant's appeal for the reasons, insofar as important here, that the decree of the county court rendered on June 7, 1951, was not a final order from which an appeal could be taken, and that the district court had no jurisdiction to hear and determine the issues presented upon the merits. On July 26, 1951, defendant filed her answer to plaintiff's petition in the district court, appropriately traversing and presenting the issues to be decided. It prayed that plaintiff should be required to furnish a full, complete, and adequate inventory and accounting of all property, rents, and profits belonging to the estate and turn the same over to defendant, and for general equitable relief.

On September 11, 1951, plaintiff's motion to dismiss defendant's appeal was argued, submitted, and overruled, whereupon plaintiff asked and was granted 10 days within which to file a reply to defendant's answer. Instead of complying therewith, however, plaintiff ap-

pealed to this court from the order of the district court overruling his motion to dismiss defendant's appeal. No order appears in the transcript setting the case for trial on the merits in the district court. Plaintiff simply assumed that the cause would be so tried in that court.

The primary question presented here, as we view it, is whether or not plaintiff's appeal to this court should be dismissed. The answer depends upon the factual situation heretofore recited, and controlling propositions of law hereinafter discussed.

The functions of a special administrator appointed by the county court are to possess, control, and preserve all the estate of decedent until the granting of letters testamentary or of administration. Kelkenney v. Getsey, 137 Neb. 416, 289 N. W. 795. Within two weeks after his appointment a special administrator is required to make an inventory under oath, showing all of the property of deceased which shall have come into his possession or knowledge. § 30-401, R. S. Supp., 1951. A condition of his qualifying bond given to the judge of probate requires that he so return a true inventory thereof and whenever required by the court that he shall deliver all such property to the regular executor or administrator subsequently appointed or to such other person as shall be legally authorized to receive the same. § 30-320, R. R. S. 1943. Upon the granting of letters testamentary or of administration, the power of the special administrator ceases. § 30-321, R. R. S. 1943. However, neither his obligations as such special administrator nor the obligations of his bond are discharged until he reports, accounts for, and delivers all such property to the regular executor or administrator as ordered by the court. The special administrator is an officer of the court, under its direct supervision and control, and any property of the estate in his possession is deemed to be in the hands of the court. Dame, Probate and Administration (3d ed.), § 186, p. 195, § 187, p. 197.

It has long been established in this jurisdiction that county courts have exclusive original jurisdiction of all matters relating to the settlement of the estates of deceased persons, and that the only jurisdiction thereof which the district court can acquire is by appellate procedure. However, an appeal from the county court when perfected confers upon the district court in the matter appealed the same power possessed by the county court. After the district court becomes so possessed of the case, the county court has no further jurisdiction over the issues so removed. If there should be another trial of the case it must be in the district court which shall proceed to hear, try, and determine the same as provided by sections 30-1606, R. S. Supp., 1951, and 30-1607, R. R. S. 1943, and as provided therein the result, not the case itself, shall be certified back to the county court.

The test of jurisdiction is whether a tribunal had the power to enter upon the inquiry, and not whether its methods were regular, its findings right, or its conclusions in accord with the law. In that connection county courts are without general equity jurisdiction, but in exercising their exclusive original jurisdiction over estates may apply equitable principles to matters within probate jurisdiction and render to the parties interested in the assets of the estate such relief as their respective situations may justify. They have the power to require executors and administrators to exhibit and settle their accounts and to account for all assets of the estate that have come into their possession and to hold them liable for the actual value of any property which they have unlawfully appropriated to their own use. In carrying out their exclusive original jurisdiction in matters relating to the administration of estates of deceased persons, county courts have jurisdiction to determine title to personal property claimed by representatives of decedents' estates. Such is the situation here. This court has gone so far as to conclude that if a third

party who has himself planned or participated in the wasting of an estate and is before the court, as upon the objections to the final account, the court may compel him to refund to the representative what he has unlawfully received. The aforesaid rules have application in the case at bar, controlling decision. Their establishment, together with the reasoning and basis for such rules, will be found in In re Estate of Nilson, 126 Neb. 541, 253 N. W. 675; In re Estate of Statz, 144 Neb. 154, 12 N. W. 2d 829; In re Estate of Marsh, 145 Neb. 559, 17 N. W. 2d 471; and the recent case of In re Estate of Wiley, 150 Neb. 898, 36 N. W. 2d 483.

As a matter of course, when a special administrator ceases to act as such, he must account for and deliver all the property of the estate in his possession or knowledge to the executor or administrator who acts for all interested in distribution of the estate, and who may examine such accounts and if not satisfactory contest their correctness. 21 Am. Jur., Executors and Administrators, § 823, p. 836. In other words, in such a proceeding none of the controlling rules heretofore set forth are in any manner abrogated or affected by sections 30-407, 30-408, and 30-409, R. R. S. 1943, as argued by plaintiff. In re Estate of Bloedorn, 135 Neb. 261, 280 N. W. 908.

We therefore conclude that when plaintiff filed his account as special administrator and prayed for its allowance, to which defendant appropriately filed objections, the county court had exclusive original jurisdiction to hear and determine the issues presented thereby. Nevertheless, the county court after a hearing not only erroneously entered an order striking defendant's objections but also rendered a final judgment approving plaintiff's account and ordering him discharged as special administrator upon delivery of the property as set forth therein to the regularly appointed administratrix, which determined and disposed of the proceedings upon the merits and as such was a final order appealable to

the district court. In re Estate of Hansen, 117 Neb. 551, 221 N. W. 694, is clearly distinguishable from the situation here presented.

Defendant perfected her appeal therefrom to the district court, which conferred upon the district court in such proceeding the same power as that originally possessed by the county court. In such a situation the district court should proceed to hear, try, and determine the issues presented by plaintiff's petition and defendant's answer in the same manner as if it were an original action therein, and certify the result, not the case itself, back to the county court. Therefore, the trial court properly overruled plaintiff's motion to dismiss. The reasoning and basis for the foregoing conclusions will be found in In re Estate of Marsh, *supra;* Jacobs v. Morrow, 21 Neb. 233, 31 N. W. 739; Ribble v Furmin, 69 Neb. 38, 94 N. W. 967; Ribble v. Furmin, 71 Neb. 108, 98 N. W. 420; Prante v. Lompe, 77 Neb. 377, 109 N. W. 496.

As a matter of fact, in such a situation plaintiff by his own petition on appeal and otherwise fully invoked the jurisdiction of the district court and thus made operative the rule that: "A party invoking the court's jurisdiction in a case where the court has jurisdiction of the subject matter is estopped to object thereto afterward." Webber v. City of Scottsbluff, *ante* p. 48, 50 N. W. 2d 533.

It will also be noted that plaintiff was the party who procured the decree in the county court striking defendant's objections, allowing plaintiff's account, and ordering him discharged as special administrator, which makes operative the rule that: "A party cannot predicate error upon a ruling which he procured to be made." Norwegian Plow Co. v. Bollman, 47 Neb. 186, 66 N. W. 292, 31 L. R. A. 747. See, also, Pahl v. Sprague, 152 Neb. 681, 42 N. W. 2d 367.

After plaintiff's appeal to this court from the overruling of his motion to dismiss defendant's appeal from

the county court, defendant filed a motion in this court to dismiss plaintiff's appeal upon the ground that the order sought to be reversed was not a final order within the purview of section 25-1902, R. R. S. 1943. After oral argument upon the motion we overruled the same.

In that connection defendant's motion in this court to dismiss plaintiff's appeal was renewed and more carefully briefed in argument upon the merits. Upon reconsideration and examination of the record in the light of controlling authorities we are now convinced that the motion should have been sustained and the appeal dismissed.

Doubtless the issues presented by plaintiff's account and defendant's objections thereto was a "special proceeding." However, as heretofore observed, the order of the district court overruling plaintiff's motion to dismiss defendant's appeal from the county court did not affect any substantial right of the plaintiff because, as shown by the record, the district court did have jurisdiction to try the issues upon the merits.

A substantial right has been defined as an essential legal right and not a mere technical one. Clarke v. Nebraska Nat. Bank, 49 Neb. 800, 69 N. W. 104; Western Smelting & Refining Co. v. First Nat. Bank, 150 Neb. 477, 35 N. W. 2d 116.

Viewed in such light the order of the district court overruling plaintiff's motion to dismiss defendant's appeal thereto was correct and did not in any manner determine or affect any essential legal right of plaintiff. Rather, the order preserved the jurisdiction and authority of the district court, lawfully conferred and duly invoked by plaintiff himself, to protect all his rights by giving him a hearing upon the merits. Thus it was interlocutory only.

In speaking of two classes of cases involving situations comparable with those heretofore discussed, it was said in Ribble v. Furmin, 69 Neb. 38, 94 N. W. 967: "In the one class of cases, nothing further remains for

the court to do in the proceeding in hand. In the other, notwithstanding the order, before such order can have any substantial effect on the rights of the parties, there must be further action in the same court and in the same proceeding." The case at bar comes squarely within the latter classification.

As stated in 4 C. J. S., Appeal and Error, § 152, p. 323, citing cases: "A judgment or order of an intermediate court refusing to dismiss an appeal, not being a final judgment or order, is not appealable or subject to writ of error, unless it comes within some special statutory provision." Also, as stated at p. 327: "An appeal or writ of error will not lie from or to judgments or orders of an intermediate appellate court in a special proceeding unless it is specially authorized by statute, or unless the statute providing generally for appeals is broad enough to cover them; and, when the statute, as is sometimes the case, expressly authorizes such appeals, a judgment or order, to be appealable, must come clearly within its terms. The proceeding must be a 'special proceeding,' * * * and the proceeding also must affect some substantial right." See, also, 3 C. J., Appeal and Error, § 425, p. 588, § 432, p. 593. As stated in 2 Am. Jur., Appeal and Error, § 80, p. 897: "An order denying a motion for a dismissal of the action is, as a general rule, not reviewable, since such an order lacks finality." To allow an appeal from the overruling of a motion to dismiss in cases comparable with that at bar wherein upon the face of the record it appears that the district court upon appeal had jurisdiction of the subject matter for hearing upon the merits would cause great and unconscionable delays and perpetuate a grave injustice. In such a situation the applicable rules stated in Grimes v. Chamberlain, 27 Neb. 605, 43 N. W. 395, and School District v. Cooper, 29 Neb. 433, 45 N. W. 618, are controlling.

For reasons heretofore stated, we conclude that under the circumstances here presented the order of the dis-

trict court overruling plaintiff's motion to dismiss defendant's appeal thereto from the county court was not a final order within the purview of section 25-1902, R. R. S. 1943, from which an appeal could be taken to this court. Therefore, plaintiff's appeal therefrom to this court should be and hereby is dismissed at plaintiff's costs, and the cause is remanded for further proceedings upon the merits, in conformity with this opinion.

APPEAL DISMISSED.