Martin I. Brower, Administratior, appellee, v. Mary
E. Umstead et al., appellants.

Filed October 18, 1919.   No. 20450.

Executors and Administrators: Suit to Recover Property. Equity will
not entertain a suit on the part of an administrator to recover, on
the ground of mental incompetency, property conveyed to some of
the children of the intestate, where there are no creditors, and the
only persons who would be benefited by such suit are the other chil-
dren of the intestate, who during the same period of alleged in-
competency also received property from the intestate which they
still retain.

Appeal from the district court for Nance county:
George H. Thomas, Judge. Reversed and dismissed.

Albert & Wagner, J. R. Shields, and W. L. Rose, for
appellants.

Reeder & Lightner, contra.

Aldrich, J.

This is an action in equity, instituted by the plaintiff,
who is the administrator of the estate of Margaret Lamb,
against certain heirs of the estate, to wit, Mary Um-
stead, J. H. Umstead, and Charles B. Lamb. Margaret
Lamb, for whom a guardian was appointed, was a feeble
old lady possessing considerable property. Being in
poor health, she was desirous of relieving herself of
responsibility in the care and management of certain
real estate, and submitted to an appointment of a guar-
dian for her own personal convenience.

After the guardian was appointed, as the record dis-
closes, and after he had acted for a time, she became
desirous of discharging him, and whatever little busi-
ness she might have left, to manage the same for her-
self. She procured his discharge in the county court of
Nance county without notice to some of the children,
John E. Lamb, Mike Lamb, Jennie Glen, and Margaret
Randolph. The discharge was effected in May, 1914.
Some of the children refused to recognize the validity

of this discharge, and appealed to the district court to have the guardian reinstated. After the death of Mrs. Lamb, the children who had appealed procured the appointment of an administrator, and he brought this action to set aside certain transfers of property made by Mary Lamb, after her discharge from guardianship, to these defendants.

The record shows that each child who is not a defendant, and in whose interests it is argued the administrator really appears, received from Margaret Lamb, after her discharge from guardianship, property of considerable value. Although the suit is brought in the name of the administrator, the only parties in interest are the ones who, during Margaret Lamb's lifetime, and after the discharge of the guardian, recognized her capacity to transact business and induced her to convey valuable property to them. There are no creditors of the estate, and the only ones who can possibly have any interest in this suit are the children who are not defendants. But they have recognized the validity of the discharge from guardianship and their mother's ability to transact business by receiving property from her which they still retain. In view of these circumstances, a court of equity ought not to lend its aid to recover for their benefit the property similarly received by the defendants. 10 R. C. L. 694, sec. 22.

The plaintiffs are estopped in a court of equity from seeking to enforce such a position. Such a relation is unconscionable, and they are estopped from assuming it. It seems quite evident from the record that these complainants waived every claim, and any right that they might have against the defendants, by obtaining the same relief that they sought to obtain from the defendants, Mary Umstead et al.

For these reasons, then, it becomes our duty to reverse and dismiss these proceedings.

REVERSED AND DISMISSED.

ROSE and SEDGWICK, JJ., not sitting.