MARTIN I. BROWER, APPELLEE, v. MARY E. UMSTEAD ET AL., APPELLANTS.

FILED JUNE 29, 1920. No. 20450.

1. **Insane Persons:** DISCHARGE OF GUARDIAN: NOTICE. In a proceeding for the discharge of a guardian of an incompetent person, notice should be given to the children, next of kin, or the close personal friends of the ward, as the circumstances of the case may require in the discretion of the county court, though there is no statutory provision therefor.

2. **Deeds:** INCOMPETENCY OF GRANTOR. Evidence examined, and *held* that the grantor in the conveyances sought to be set aside was incompetent and under guardianship on account of such incompetency at the time the conveyances were executed.

Rehearing of case reported in 103 Neb. 828. *Former judgment vacated, and judgment of district court affirmed.*

LETTON, J.

A former opinion in this case is reported in 103 Neb. 828.

The district court rendered a decree setting aside certain conveyances made by an alleged incompetent. Defendants appeal.

In October, 1912, Margaret Lamb, upon the application of her daughter, Mary E. Umstead, was placed under guardianship, the court finding that, by reason of old age and mental weakness, she was mentally incapable and incompetent to manage her property. The guardian was appointed and continued to act until May 22, 1914. On that date Mrs. Lamb filed an application for the discharge of the guardian. The guardian filed his resignation and his final accounts. This was all done without notice to the children of Mrs. Lamb. On the same date, Mary E. Umstead, daughter of Mrs. Lamb, and Charles B. Lamb, a son, procured certain transfers to property to be made by her to them. The other children did not discover what had been done until about three weeks later; then they perfected an appeal from the judgment of the county court discharging the guardian.

While there is no statute providing for notice before the guardian of an incompetent can be discharged, notice should in all cases be given to the children, next of kin, or close personal friends of the incompetent, as the circumstances may require in the discretion of the court; and, while the order of the county court discharging the guardian may not be subject to collateral attack, the method of discharge was not to be commended, and should not have been had without sufficient evidence to show restoration of the ward's mental competency. *Prante v. Lompe,* 77 Neb. 377.

There is no difference in our statute with respect to notice for the appointment or discharge of such a guardian. In many instances it might cause a real hardship if a guardian could not be appointed to care

for the person and property of an incompetent person in a prompt and speedy manner. The majority of courts hold that, unless required by statute, such a notice is not essential to jurisdiction, though the county court may require it in his discretion, but where property rights are involved and the parties interested are not before the court, notice should be given, unless speedy action is advisable to conserve the interests of the incompetent.

The record shows that Mrs. Lamb was not before the county court on the date of her release; there was no personal examination, and no testimony was taken as to her condition. It is shown that Mrs. Lamb was not physically able to take care of herself, or administer to her own wants; that she resided with her daughter, Mrs. Umstead, at the time the guardian was appointed, and continued so to reside until the date of her death. She could not see very well, and her condition was such as to require assistance in moving from one room to another, and her daughter or a trained nurse was in attendance upon her during all this time.

The evidence regarding her mental condition is in direct conflict, but we are satisfied from the whole record that she was incompetent to take care of her own affairs on the date the transfers were made. The former judgment of this court is set aside, and the judgment of the district court

AFFIRMED.

Rose, J., not sitting.