SADDINGTON's ESTATE, Respondent, vs. HEWITT, Appellant.

*November 22 — December 13, 1887.*

*(1-3) Estates of decedents: Discovery of property: Practice: Powers of county court. (4) Statutes: Rules of court.*

1. A complaint under sec. 3825, R. S., alleged that the administrator of the estate of S. loaned money belonging to the estate, taking a promissory note therefor; that he turned said note over to one of

his bondsmen "for the purpose of collection only, and that the
same might be collected and the amount saved to said estate and
the liability of said bondsman secured by payment of the same
into court;" that said bondsman held the note until his death,
when it came into the hands of his administrator, H., who col-
lected the amount due thereon; that the amount so collected was
the property of S. and of his estate, and that H. has kept and em-
bezzled the same and refused to pay it to the estate of S., and has
kept the said promissory note and refused to account for it; and
that the complainant suspects that H. has taken, kept, concealed,
and embezzled, and has in his possession said note and the pro-
ceeds thereof. *Held*, sufficient.

2. The county court found as a fact that it could not determine from
the evidence whether the note turned over to the bondsman was
the property of the estate of S. or of the administrator individually.
*Held*, that the proceeding should thereupon have been dismissed.

3. Under secs. 3825, 3826, R. S., no order can properly be made in re-
gard to the property concerning which the examination is had.
Such examination is merely to elicit facts as the basis of other pro-
ceedings. [But if the party proceeded against admits that he has
property belonging to the estate, which he is willing shall be held
for its benefit, the court may, perhaps, under County Court Rule
XII, make an order in relation thereto.]

4. Where the statute authorizes merely an examination, it cannot be
changed by a rule of court into a proceeding in the nature of an
action to recover the property as to which the examination is had.

APPEAL from the Circuit Court for *Columbia* County.
The case is thus stated by Mr. Justice TAYLOR:

This proceeding was commenced in the county court of
Columbia county, by a petition filed in that court by Sarah
J. Johnson. The material allegations of the petition are as
follows, viz.: That the petitioner is one of the heirs at law
of George W. Saddington, deceased; that said deceased
died on the 11th of June, 1866, in said county of Columbia,
having property to be administered upon in said county
court; that on August 6, 1866, Silas G. Winters was duly
appointed administrator of the estate of said deceased by
the said county court of Columbia county, and that John
Hewitt and one Horace Rust were the sureties upon the said

administrator's bond; that said Winters, as such adminis-
trator, has never rendered any account of his administra-
tion, or been discharged by the court; that in the year 1867,
the exact date being unknown, the said Winters, as such
administrator, received the money due upon a life insurance
policy belonging to said estate, amounting to $975, and
afterwards, and within one year, as complainant is informed
and believes, loaned to some person unknown the sum of
$240 of said money belonging to said estate, and took a
promissory note therefor; that afterwards the said Silas G.
Winters, as such administrator, gave said note into the hands
of his bondsman, John Hewitt, for the purpose of collection
only, and that the same might be collected and the amount
saved to said estate and the liability of said bondsman se-
cured to that amount by payment of the same into court;
that said John Hewitt received and held such note until his
death, which occurred on the 6th day of January, 1868,
when the said note passed into the hands of his adminis-
trator, *Henry Hewitt, Jr.*, now residing at Menasha, Wis-
consin; that *Henry Hewitt, Jr.*, collected the amount due
on said note August, 1869.   The petition then alleges that
the amount so collected by said *Henry Hewitt, Jr.*, was the
property of the said deceased, George W. Saddington, and
of his estate, and " that said *Henry Hewitt, Jr.*, has kept
and embezzled the same, and refused to pay the same to said
estate [of Saddington] or to the persons entitled thereto,
and still holds and keeps said money and refuses to pay the
same, though often requested so to do; and also kept in his
possession said promissory note, given as aforesaid, which
was a claim and demand belonging to said estate, and has
refused to deliver or account for the same; and complainant
suspects said *Henry Hewitt, Jr.*, has taken, kept, concealed,
and embezzled, and has in his possession, said promissory
note and the proceeds thereof, so belonging to said deceased
and his said estate."   The complainant prays "that a cita-

tion may issue from said county court addressed to said *Henry Hewitt, Jr.*, commanding him to appear before said court at a time and place for examination upon oath in regard to the property, matters, and things above mentioned, and especially in regard to said note and the collection and withholding the proceeds thereof."

*Hewitt* appeared before the county court and was examined, and other evidence was taken upon the matters set forth in said petition, and, after hearing the evidence, the county court made the following findings and order: "The court finds that about the year 1867 one Silas G. Winters, being then and there the administrator of the estate of said George W. Saddington, deceased, turned over as collateral security to John Hewitt, one of the bondsmen of said Winters upon his bond as administrator of the estate of said Saddington, a certain promissory note amounting in value to about $240, to secure said Hewitt, in part at least, against liability upon said bond; but the court is unable to determine, from the evidence, as to whether said note was the property of said Winters individually or as administrator of said estate of G. W. Saddington. That upon the death of said John Hewitt, January 6, 1868, said note passed into the possession of said *Henry Hewitt, Jr.*, who was appointed administrator of the estate of said John Hewitt, deceased, and was by him collected, with interest, on or about August 30, 1869, he receiving thereon the sum of $290. That said *Henry Hewitt, Jr.*, still holds said sum of $290, so collected as aforesaid, and is chargeable with interest thereon to this date, now amounting in all to about the sum of $640. And it appearing to the court, from the records and papers on file in the matter of the estate of said George W. Saddington, that said estate never has been settled by said administrator, Silas G. Winters, and it being represented to the court that said administrator is in default, and that it will be necessary to bring suit upon his bond as

such administrator to recover the amount due from him to said estate, which amount will probably exceed the said sum of $640, it is now, on motion of Thos. Armstrong, Jr., attorney for said complainant, ordered that said *Henry Hewitt, Jr.*, hold said sum of $640, so found to be in his hands as and from the proceeds of said note, subject to the further order of this court, and until the estate of George W. Saddington is settled in this court, and until such reasonable time thereafter as may be necessary to enable said complainant and the heirs of said George W. Saddington to bring an action upon the bond of said administrator, Silas G. Winters, or such other action as they may be advised is necessary."

From this order *Hewitt* appealed to the circuit court, where the case was heard upon the proceedings and proofs taken in the county court, and upon such hearing the circuit court made the following order in the matter: "It is ordered that the order of the county court aforesaid, so appealed from, be, and the same is hereby, modified so as to read as follows: Ordered that said *Henry Hewitt, Jr.*, hold the said sum of $640, so found to be in his hands as and from the proceeds of said note, subject to the further order of the county court. It is further ordered that this matter be remitted to the county court, with directions to said court to modify said order accordingly. Further ordered that each party pay his own costs on this appeal.

From the order of the circuit court *Henry Hewitt, Jr.*, appeals to this court.

*G. J. Cox*, for the appellant, besides discussing the questions decided by the court, argued that as the appellant obtained the money as the administrator of the estate of John Hewitt, the only way to reach it was by presenting a claim against that estate. The administrator was not liable to an action therefor. Schouler on Ex. & Adm. sec. 520; *Mann v. Everts*, 64 Wis. 372; R. S. secs. 3252, 3845; *Lannon v.*

*Hackett,* 49 Wis. 261; *Dickinson v. Seaver,* 44 Mich. 624; *Shannon v. Shannon,* 48 id. 182; *Daniels v. Smith,* 58 Iowa, 577; *Aldrich v. Annin,* 54 Mich. 230; *Nichols v. Chapman,* 9 Wend. 452; *Price v. Dietrich,* 12 Wis. 626. The order made by the county court might prevent indefinitely the settlement of the Hewitt estate.

For the respondent the cause was submitted on the brief of *Thos. Armstrong, Jr.*

TAYLOR, J. On the part of the respondent it is claimed that this is a proceeding under secs. 3825, 3826, R. S. 1878. On the part of the appellant it is insisted (1) that the petition or complaint does not state facts sufficient to authorize the county court to take jurisdiction of the proceeding; (2) that, if the complaint is sufficient to give the county court jurisdiction of the appellant, the findings of the county court are insufficient to justify any restrictive order of any kind against the appellant; and (3) that the county court, upon a proceeding under said sections, has no power to make any order restraining the appellant in any manner from using any money or property in his hands, especially when he denies that he holds it for the use of the estate to which it is claimed to belong.

We are inclined to hold that the petition is sufficient. Although the allegations of the petition fail to show the embezzlement of any money or property by the respondent belonging to the estate of Saddington, they do show, if the facts alleged are true, that the respondent has disposed of property belonging to said estate, and that is sufficient to justify the court in proceeding under said section.

The second objection to the order made both by the county and circuit courts, it seems to us is well founded. After hearing the evidence, the county court found, in regard to the note which in the petition is alleged to have been a part of the assets belonging to the Saddington estate,

that said note was turned over by the administrator, Winters, to John Hewitt, who was one of his bondsmen as administrator of the estate of Saddington, to secure said Hewitt, in part at least, against liability on said bond; "but the court is unable to determine, from the evidence, as to whether said note was the property of said Winters individually or as the administrator of said estate of G. W. Saddington."

If, in any case upon a proceeding under said secs. 3825, 3826, the county court has any power to make any order restraining the appellant in the use of any money or property alleged to be in his hands, it is very clear that after the court had determined as a fact that the evidence did not show that the appellant had any money in his hands or possession belonging to the estate of Saddington, there was no ground for making any order restraining the appellant in the use of money in his possession which it did not appear belonged to the estate of Saddington.    The statute is very clear in limiting the inquiry under it to the question whether the person called upon to answer "has concealed, embezzled, conveyed away, or disposed of any money, *goods, or chattels of the deceased.*" When the county judge found that he was unable to determine from the evidence whether the said note was the property of Winters or of the estate of said Saddington, that should have been an end of the inquiry.

It is urged that as the court has found that Winters turned over the note in question to Hewitt, his bondsman, as collateral security, to be held by him as indemnity against any liability he might be eventually subjected to as the bondsman of Winters, it is immaterial whether the note belonged to the estate of Saddington or not.    This fact cannot make a case under the statute, which declares that the proceeding can only be taken when the person charged has in his possession property belonging to the deceased.

Again, if the administrator, Winters, secured his bondsmen upon his administrator's bond by a transfer of the note in question or any other of his personal estate, the person to whom such transfer is made may hold the same against the claim of persons interested in the estate of Saddington. If those interested in the Saddington estate are apprehensive that Winters will not account for the estate in his hands, they can compel him to render his account; and if he fails to render such account and pay over the money which ought to be in his hands, they may sue his bond; and if they obtain judgment upon such bond and cannot make their money of the sureties upon execution, they might, in a proper action, subject to the satisfaction of such judgment any pledges or securities which the administrator had given to his bondsmen to indemnify them against their liabilities on such bond. But we find no authority in the statutes to make such securities the basis of the proceedings authorized in sec. 3825, R. S.

It is urged that, the evidence not being returned in the record, we must suppose that it was sufficient to charge the appellant with having converted the money or note belonging to the deceased. In answer to that, we have the finding of the facts by the county court upon which he based his order, and the circuit court has not in any way altered or changed such findings of fact; and, if anything may be inferred from his modification of the order of the county court, we think he passed upon such findings in making such modification.

Upon the findings of the county court, the proceeding should have been dismissed, and, upon the appeal to the circuit court, that court should have reversed the order of the county court, instead of modifying the same.

We are also of the opinion that under secs. 3825, 3826, R. S., no order can properly be made in regard to the property, if any, in the hands of the appellant, and concerning

which his examination may be taken under said sections. These sections are probably taken from the General Statutes of Massachusetts. The law in Massachusetts was first enacted in 1783. See sec. 11, ch. 32, p. 104, Laws of Mass. 1783, re-enacted in Rev. Stats. 1836 as sec. 7, ch. 65, p. 429; again, in Gen. Stats. Mass. as sec. 6, ch. 96; and again as sec. 1, ch. 133, Pub. Stats. Mass. 1882. There has been no material alteration in the act from its first enactment. This law was enacted in Michigan. Howell's Stats. secs. 5876, 5877. The statutes of Massachusetts and Michigan are substantially like secs. 3825, 3826, R. S. In Massachusetts and Michigan, the law has always been construed as simply giving the probate court the power to examine the party charged on oath, and as giving no power to make any adversary order in such matters; the object being to aid the parties interested in the estate of a deceased person in discovering property belonging to said estate, and as preliminary to the bringing of some proper action for the recovery thereof, and not as furnishing a method of recovering such property from the party accused for the benefit of the estate. See *Boston v. Boylston*, 4 Mass. 322; *Arnold v. Sabin*, 4 Cush. 46; *Martin v. Clapp*, 99 Mass. 470; *Wales v. Newbould*, 9 Mich. 97; *Perrin v. Probate Judge*, 49 Mich. 342; *Perrin v. Leppers*, 49 Mich. 347. Judge Gary, in his work on Probate Law, construes the act the same as it is construed by the courts above cited. See Gary, Prob. Law, 134, § 351. See, also, *O'Dee v. McCrate*, 7 Me. 467.

It seems very plain, on the reading of secs. 3825, 3826, that there was no intention that the proceeding should be in the nature of an action to recover the property embezzled or disposed of. Had such been the intention of the legislature, it is certain some provision would have been made authorizing the court to make some order in regard to it. The only thing provided for by the statute is the examination of the party charged, and power given to compel him

to submit to such examination, and there the power granted ends. We think it is clear that rule XII of the county court rules cannot convert the statute which simply provides for the examination of the party charged into a statute making the proceeding in the nature of an action to recover of the party charged the property described in the petition. Under the rule, it would perhaps be competent for the county judge to make an order in regard to the property in a case where the party proceeded against admitted that he had property in his possession belonging to the estate which he was willing should be held for the benefit of the estate, but it cannot change the law as to a party who contests the right of the estate to the property alleged to be in his possession. That question must be decided in some proper action at law or in equity.

*By the Court.*— The order of the circuit court is reversed, and the cause is remanded with directions to that court to reverse the order of the county court.