## ESTATE OF SCHAEFER.

*February 10—March 9, 1926.*

*Executors and administrators: Discovery in county court: Nature of remedy: Jurisdiction of court.*

In a proceeding under sec. 3825, Stats., as amended by ch. 23 of the Laws of 1901 (now sec. 312.06), by an administratrix claiming that defendants were in possession of money belonging to decedent, the county court has no jurisdiction to order any money held by the respondents under a *bona fide* claim of right turned into court. The petition of the administratrix was therefore properly dismissed when the purpose of the statute, which was to provide a proceeding in the nature of a discovery, had been accomplished.

APPEAL from an order of the county court of Oconto county: H. F. JONES, Judge. *Affirmed.*

This is an appeal from an order dismissing the proceedings of *Emma Schaefer* as administratrix of the estate of Carl Schaefer, begun under sec. 3825 (now sec. 312.06), Stats.

The petition of the administratrix was to the effect that Carl Schaefer, deceased, left a sum of money, approximately $3,000, in the Bank of Maplewood, Door county; that respondents had possession thereof and claimed title thereto;

and asked that a citation be issued pursuant to sec. 312.06, requiring *Theodore Schaefer, Carrie Schaefer,* and the *Bank of Maplewood* to appear before such county judge, at his office in Oconto county, to answer to such petition, and that they be required to pay said moneys into court.

The parties so cited appeared and disclosed the information demanded. . Thereafter the county court dismissed the proceedings on the ground that he lacked jurisdiction to enter an order compelling respondents to pay the moneys held by them into court under sec. 312.06. Other facts will be stated in the opinion.

For the appellant there were briefs by *Eberlein & Larson* of Shawano, and oral argument by *M. G. Eberlein.*

*W. E. Wagener* of Sturgeon Bay, for the respondents.

CROWNHART, J. It is undisputed that *Theodore Schaefer, Carrie Schaefer,* and the *Bank of Maplewood* are residents of Door county. It is conceded that *Theodore Schaefer* and *Carrie Schaefer* made *bona fide* claims to the ownership of the funds in dispute, and the *Bank of Maplewood* contends that *Theodore Schaefer* and *Carrie Schaefer* are the owners of the funds in dispute and that it holds such funds in trust for them.

The only question raised here is one of interpretation of the statutes. Sec. 3825 (now sec. 312.06) reads as follows:

"(1) If any executor or administrator, heir, legatee, creditor or other person interested in the estate of any deceased person shall complain to the county court on oath that any person is suspected to have concealed, embezzled, conveyed away or disposed of any money, goods or chattels of the deceased, or that any person is indebted to the deceased, or that any person has in his possession or under his control, or has knowledge of any concealed property of the deceased, or has in his possession or under his control, or has knowledge of any deeds, conveyances, bonds, contracts or other writings which contain evidence of or tend to disclose the right, title, interest or claim of the deceased

to any real or personal estate, or any claim or demand, or any last will and testament of the deceased, the said court may cite such suspected person to appear before it and may examine him on oath upon the matter of such complaint.

"(2) Whenever any such suspected person shall be cited to appear before the county court pursuant to the provisions of this section or pursuant to the provisions of section 319.33, the court may cause to be subpœnaed and brought before it witnesses and compel the production of books, records and all other papers and testimony, documents or writings which may be competent evidence in relation to said complaint against such suspected person, whether in support of or in opposition to such complaint, and may receive any competent evidence in relation to any indebtedness by such person to the deceased, and the court may then make such order in relation to the matter stated in such complaint and in relation to such indebtedness as shall be just and proper, but any such proceedings or order shall not prevent the bringing of any proper action by such administrator, heir, legatee, creditor or other person, interested in the estate as is now provided by law."

Sub. (2) was added to sub. (1) by way of amendment by ch. 23, Laws of 1901.

It is contended by the appellant that the amendment of 1901 gave the county court jurisdiction to enter an order in this case directing and compelling *Theodore Schaefer, Carrie Schaefer,* and the *Bank of Maplewood* to turn over the funds disclosed in their testimony as being in the possession of the bank.

In the case of *Saddington's Estate v. Hewitt,* 70 Wis. 240, 35 N. W. 552, the same contention was made as here, but the court there held that by secs. 3825 and 3826—

"There was no intention that the proceeding should be in the nature of an action to recover the property embezzled or disposed of. Had such been the intention of the legislature, it is certain some provision would have been made authorizing the court to make some order in regard to it. The only thing provided for by the statute is the examina-

tion of the party charged, and power given to compel him to submit to such examination, and there the power granted ends."

The *Saddington Case* was decided by this court in 1887. The amendment to the statute came long afterwards, in 1901. In *Meyer v. Garthwaite,* 92 Wis. 571, 66 N. W. 704, decided in 1896, it was held that an administrator *de bonis non* may maintain an equitable action in the circuit court to recover unadministered assets, possession of which was taken and retained by the defendants after the death of the executor, where a discovery is necessary. The remedy in the county court by a proceeding in the nature of a discovery under sec. 3825, as then existing, was held not adequate and complete, because after the property was discovered it would be necessary to bring another action in a court of general jurisdiction for its recovery.

Now the question is, Did the amendment of 1901 change the jurisdiction as determined by the *Saddington Case* and the *Meyer Case?* On the face of the statute it seems to be merely a discovery statute, and the amendment seems to add nothing except the purpose to make the discovery more complete. Not only are the parties directly concerned compelled to disclose, but other witnesses, papers, books, and documents may be brought in to aid in a discovery. It also appears to be clear that the legislature intended to preserve the jurisdiction of the circuit courts, as held in the *Meyer Case,* by the use of the closing phrase of the amendment,— "but any such proceedings or order shall not prevent the bringing of any proper action by such administrator, heir, legatee, creditor, or other person, interested in the estate as is now provided by law."

This view of the statute is reinforced by the failure of the legislature to make due provision for change of venue in proper cases. Here the parties making claim to the funds reside in Door county, and the issue concerning these funds

is properly triable there.  However, there is no provision in the statutes for changing the venue from Oconto county to Door county.  It cannot be assumed that the legislature intended to deny persons making a *bona fide* claim to property the right of trial in the county of their residence, as in other cases.  Nor does the statute make any provision for formulating issues and for jury trial in the county court.  This, too, is indicative of the legislative intent to merely provide for a more effective discovery by the amendment of 1901.

It is true that the amendment provides that "the court may then make such order in relation to the matter stated in such complaint and in relation to such indebtedness as shall be just and proper," and the appellant contends that this is direct authority for the order requested in this case. But as we have seen, this expression is modified by that which follows.  It might have been proper for the county court in this case to have directed the administrator to prosecute an action against the parties claiming the funds herein, in Door county.  However, the county court may still make such an order.  It is clear that the county court dismissed the proceeding on the ground that the purposes of the statute had been accomplished, and that he had no authority to issue the order directing the funds to be paid into the court.  In this we think he was correct.

*By the Court.*—The order of the county court is affirmed.