Hoks, Executor, Respondent, vs. Wollenberg, imp., Appellant.

*May 12—November 9, 1932.*

278

For the appellant Wollenberg there were briefs by *Francis J. Rooney,* attorney, and *Sigman & Sigman* of counsel, all of Appleton, and oral argument by *Abraham Sigman.*

For the respondent there were briefs by *Krugmeier & Witmer* of Appleton, and oral argument by *Joseph Witmer.*

The following opinion was filed June 20, 1932:

FAIRCHILD, J. The owner of the mortgage by executing the writings referred to in the statement of facts manifested a clear intention to divest her estate of this property and to forgive or make a present of the debt evidenced thereby to her husband. To constitute a valid gift *causa mortis* three things are required: first, it must be made with a view to the donor's death from present illness or from an external and

apprehended peril; second, the donor must die of that ailment or peril; third, there must be a delivery. *Henschel v. Maurer,* 69 Wis. 576, 34 N. W. 926; *Hudson v. First Trust Co.* 200 Wis. 220, 228 N. W. 121; *Grymes v. Hone,* 49 N. Y. 17, 10 Am. Rep. 313; *Raymond v. Sellick,* 10 Conn. 480, 485; *Dole v. Lincoln,* 31 Me. 422; 2 Kent's Comm. 444. Under the title of "Apprehension of death in gifts *mortis causa,*" in the Columbia Law Review for April, 1932, is a discussion of this question with citation of authorities. The writer there says:

"A gift *inter vivos* must pass title immediately, irrevocably, and without reference to the future. Consequently the reservation of a life interest, it seems, or of a power of revocation, by the donor, or any attempt to postpone the transfer of title to the contingency of death, invalidates the whole transaction. These things may be done only through the use of a trust device, unless the transaction is *mortis causa*—based on death as a consideration. A right to revoke the gift until the very instant of death and the postponement of full transfer of title until such right of revocation ends, are inherent elements of a *donatio mortis causa.*"

A gift *causa mortis* creates a result differing from that which would be accomplished by an absolute gift or that which could be brought about under a last will and testament. The fact that the subject of the gift constituted almost the entire estate of the donor does not affect its validity. If the nature of the property is such that it is susceptible of being the subject of a gift, the fact that it was an obligation of the donee himself will not alter or modify the donor's power to give. She could forgive a debt due from him to her. *Brunn v. Schuett,* 59 Wis. 260, 18 N. W. 260. By the writings and the other evidence offered there is established a clear intent to give and an accomplished execution of the gift, including an acceptance by the donee. The whole matter was carried on by the donor in contemplation of the near approach of

death and was intended to have a complete and absolute effect only after her death. The title to the debt under these proceedings passed from the donor subject only to the right to revoke and the possible claims of creditors. 12 Ruling Case Law, p. 968.

The respondent asks consideration of the proposition that the appellant here is estopped to deny that the mortgage debt is part of the estate for the payment of expenses of administration and bases the request on the facts which show that he was nominated as executor of the will, accepted the trust, offered the will for probate, and that when he sought to sustain the will as valid he performed the duties of his office and had for that purpose the right to incur expenses on behalf of the estate, that his appointment related back to the testatrix, and that the expenses are a lien upon the note and mortgage. Under a gift *causa mortis* the donee claims directly from the donor in her lifetime and not from the donor's executor or other personal representative. While a gift *causa mortis* may not be sustained to the prejudice of just claims of creditors, the executor has no claim whatever upon the property for the ordinary purposes of administration or the claims of any distributees under the will. See note 7 L. R. A. 439; *Gaunt v. Tucker,* 18 Ala. 27; *Marshall v. Berry,* 13 Allen (Mass.) 43, 46. When a gift is fully confirmed by the donor's death, the title acquired through the gift *causa mortis* becomes absolute, and the donee is entitled to the property subject only to such debts of existing creditors for whom no other provision is made; and in the absence of responsibility for legal and unsatisfied debts against the decedent during her lifetime, there is no occasion for the executor to commence proceedings involving the property covered by the gift. The note and mortgage here involved were not the property of the estate, not under the control of the executor, and his complaint, therefore, is not well founded.

*By the Court.*—Judgment reversed, with directions to enter judgment in favor of the appellant dismissing the complaint.

OWEN and FRITZ, JJ., dissent.

The following opinion was filed November 9, 1932:

PER CURIAM. The evidence upon which the decision in the foregoing case was based shows an intention to forgive the debtor of an existing debt. The instruments referred to in the statement of facts support this intention subject to a right of revocation if the donor survive the expected operation. One of the instruments had as its purpose the placing in the donee's hands the means of canceling, on the public record, the mortgage given to secure the debt which, under the facts in the case, was forgiven. Intention controls here as it does in other transactions when evident. The trial court found that the deceased executed and delivered the writings, together with the note and mortgage, to the donee, John Wollenberg. Her plans and his may have involved the future, but the evidence under consideration shows a gift complete at the moment of placing the note in his possession with the means of satisfying the mortgage of record. This state of facts satisfies the calls of a gift *causa mortis*. The papers referred to were not given to the donee to take care of for the donor but for his own benefit and protection. The gift of the debt had occurred and the accompanying papers assured him of an ability to clear his property of an apparent incumbrance.

The disposition of one's property may be accomplished by various means, and the means adopted may be suggested by emergency or they may be carefully planned; but however that may be, whenever the intention to give has been formed and carried out by delivering, the desired result is accomplished and ought to be secure from attack. In *Schultz v. Becker,* 131 Wis. 235, 110 N. W. 214, the instrument upon

which the donee relied contained the words "order shall be in full force and effect immediately after my death," and thus made it impossible to establish a present passing of title to the property there involved. The case at bar has a very different state of facts to deal with, and one of the controlling ones is the delivery of the evidence of the debt to the donee. To hold, under the circumstances, that the established facts did not constitute a gift *causa mortis* would be to thwart the purpose of the donor manifested by acts and words adequate and appropriate to the making of such a gift and would be against the great weight and clear preponderance of the evidence.

The motion for rehearing is denied.