ESTATE OF KRAUSS: BANK OF SHEBOYGAN, Administrator, Respondent, vs. BRUNS, Special Administrator, Appellant.

*September 13—October 10, 1933.*

For the appellant there was a brief by *Hanitch, Hartley, Johnson & Fritschler* of Superior and *Arthur H. Gruhle* of Sheboygan, and oral argument by *Mr. Gruhle*.

For the respondent the cause was submitted on the brief of *Charles Voigt* of Sheboygan.

WICKHEM, J.   Upon this appeal the principal question is whether the county court had any jurisdiction under a citation to try the question of ownership of property in dispute between two administrators of two separate estates then in the process of settlement in that court.   This depends upon the proper construction to be given to sec. 312.06, Stats.   This section provides in sub. (1):

"(1) If any executor or administrator, heir, legatee, creditor or other person interested in the estate of any deceased person shall complain to the county court on oath that any person . . . has in his possession or under his control, or has knowledge of any deeds, conveyances, bonds, contracts or other writings which contain evidence of or tend to disclose the right, title, interest or claim of the deceased to any real or personal estate, . . . the said court may cite such suspected person to appear before it and may examine him on oath upon the matter of such complaint."

Sub. (2), after authorizing the court to subpœna witnesses and compel the production of books, records, and papers bearing upon the inquiry, provides:

"And the court may then make such order in relation to the matter stated in such complaint and in relation to such indebtedness as shall be just and proper, but any such proceedings or order shall not prevent the bringing of any proper action by such administrator, heir, legatee, creditor or other person, interested in the estate as is now provided by law."

In *Saddington's Estate v. Hewitt,* 70 Wis. 240, 35 N. W. 552, this court held that sec. 312.06 does not authorize the county court to order any money turned over to the disputed claimant; that it merely confers jurisdiction upon the county court to examine the suspected party, and that the power ends when that purpose is accomplished.   Since the decision in the *Saddington Case,* sub. (2) was added to the section by amendment, authorizing the court to "make such order in relation to the matter stated in such complaint and

in relation to such indebtedness as shall be just and proper," but with the proviso that such proceedings or order should not prevent the bringing of any proper action by the administrator, heir, legatee, creditor, or other person, interested in the estate.

The section as thus amended was construed in *Estate of Schaefer,* 189 Wis. 395, 207 N. W. 690, and it was held that the statute was never anything more than a discovery statute; that the amendment has no purpose except to make the discovery more complete, and that it was intended to preserve the jurisdiction of the circuit courts by the phrase, "but any such proceedings or order shall not prevent the bringing of any proper action by such administrator, heir, legatee, creditor, or other person, interested in the estate as is now provided by law."

Respondent contends that in neither of the cases cited was there a contest between two administrators of estates pending in the county court issuing the citation, and that this distinction should compel a different result here. We see no escape from the language of these two opinions. The statute is definitely and finally construed to be a mere discovery statute, and to vest the county court with no jurisdiction beyond that of discovery. This being true, the power of the court was exhausted when the discovery was had, and the proceedings should have terminated at this point. This compels a reversal of the order.

*By the Court.*—The order appealed from is reversed, and cause remanded with directions to set aside and vacate the said order.