CENTRAL WISCONSIN TRUST COMPANY, Executor, Appellant, vs. SCHUMACHER, ·Special Administrator, imp., Respondent.

*February 8—March 7, 1939.*

*J. E. Karñ* of Madison, for the appellant.

For the respondent there was a brief by *Rooney &
Hillyer,* and oral argument by *Frederick F. Hillyer, J. D.
McGeever,* and *W. C. McGeever,* all of Madison.

MARTIN, J. There is no dispute as to the facts. The ap-
peal presents only a question of law. However, a brief state-
ment of the facts is necessary for a correct understanding
of the legal principles involved. Sophia C. Esser died testate
October 13, 1934. By her will she gave her husband, Wer-
ner B. Esser, the use and benefit of her estate for and during
his natural life with power to use as much thereof as he saw
fit, and whatever remained of the property bequeathed to
him at his death to others. The husband was named as exec-
utor and duly qualified as such. It appears that in preparing
an inventory he listed therein certain securities which be-
longed to his deceased wife concerning which there is no
controversy. Other securities were listed under the head-
ing: "The following securities held jointly by Werner B.
Esser and Sophia C. Esser." On the margin of the inven-

tory and immediately opposite the securities owned jointly is the following notation: "Value is put on ½ interest." It further appears that under the heading of joint property Mr. Esser apparently included certain securities which belonged to him. On December 3, 1935, the county court entered the final judgment in which a one-half interest in all of the securities was assigned in accordance with the terms of Mrs. Esser's will. Mr. Esser died testate December 3, 1936. By his will he bequeathed his property in substantially the same manner and to the same persons mentioned as future contingent legatees in his wife's will. The plaintiff-appellant, as executor of Mr. Esser's will, filed an inventory, including therein all of the securities the ownership of which is here questioned. Thereafter the respondent, Joseph Schumacher, administrator of the estate of Sophia C. Esser, moved in the county court to strike from the inventory in the estate of Werner B. Esser, a one-half interest in the securities listed in the inventory in her estate which were jointly owned, also to trace certain items listed in said inventory as her property which her husband had sold or converted.

Thereafter, on July 23, 1937, the county court, evidently appreciating the fact that it could not try the issue of title to the disputed securities, entered an order which reads as follows:

"It is ordered that the Central Wisconsin Trust Company, executor of the estate of Werner B. Esser, deceased, be and it hereby is authorized and empowered to institute proceedings in circuit court for declaratory judgment, to quiet title, or for such equitable relief as may be proper to determine title and right of ownership to any and all assets inventoried by it as executor and to employ counsel and to pay the expenses involved in such proceedings."

The circuit court held that the final judgment entered in the estate of Sophia C. Esser in the county court was final and conclusive as to the rights and interests of the parties

to this action in and to the items of personal property in question and entered judgment accordingly. The plaintiff-appellant contends that the final judgment of the county court in the estate of Sophia C. Esser is not conclusive as to the title or ownership of the disputed assets and further contends that said court had no jurisdiction over the subject matter. It should be noted that in the inventory and final judgment in the estate of Sophia C. Esser there are certain securities which belonged to her and concerning which there is no dispute, so there was an estate to be administered of which the county court had jurisdiction. Sec. 253.03, Stats., specifies the jurisdiction of county courts. Under this section the jurisdiction of the court is limited to administration *on the estates* "of all persons deceased who were at the time of their decease inhabitants of or residents in the same county and of all who shall die without the state having *any estate* within such county to be administered," etc.

"County courts, 'being mere creatures of the statute, have no powers except such as are derived from the statute, and it must appear upon the face of their proceedings that they acted within the powers granted. If this does not appear, all they do is *coram non judice* and void.' " *Newcomb v. Ingram,* 211 Wis. 88, 97, 243 N. W. 209, 245 N. W. 121, 248 N. W. 171; *Estate of Anson,* 177 Wis. 441, 443, 188 N. W. 479; Gary, Wis. Probate Law (4th ed.), p. 50.

"Probate jurisdiction is limited in its general scope, as to subject matter, to the undisputed property of decedents and wards." Gary, Wis. Probate Law (4th ed.), p. 6.

In *Estate of Sipchen,* 180 Wis. 504, 508, 193 N. W. 385, the court said:

"The court's jurisdiction of the subject matter is designed primarily for two purposes: First, to enable creditors of the deceased to present their claims for adjudication, so as to enable them to participate in the distribution of the assets; and, second, to distribute the remainder of the property in

accordance with the provisions of the last will and testament. Proceedings in the probate court are in the nature of proceedings *in rem,* and are designed to affect the deceased's property solely in order to accomplish the fundamental objects for which a county court takes jurisdiction and pursues administration."

"The final decree of the county court distributing the estate of a testator does not of itself transfer the title to property, but merely determines the persons entitled thereto and their respective interests therein." *Latsch v. Bethke,* 222 Wis. 485, 488, 269 N. W. 243; *Jones v. Roberts,* 84 Wis. 465, 54 N. W. 917; *Gillett v. Treganza,* 13 Wis. *472.

In *Estate of Krauss,* 212 Wis. 561, 563, 250 N. W. 388, the contest in the county court was between two administrators of separate estates (husband and wife) in process of settlement. There the county court made an order adjudging that certain personal property in the hands of Bruns as special administrator of the estate of Otto Krauss, deceased, was the property of Augusta Krauss, widow of said deceased, and directed that Bruns deliver the property within three days to the Bank of Sheboygan, which bank was acting as administrator of the estate of Augusta Krauss. This court said:

"Upon this appeal the principal question is whether the county court had any jurisdiction under a citation to try the question of ownership of property in dispute between two administrators of two separate estates then in the process of settlement in that court."

After quoting the statute, subs. (1) and (2), of sec. 312.06, the court said:

"In *Saddington's Estate v. Hewitt,* 70 Wis. 240, 35 N. W. 552, this court held that sec. 312.06 does not authorize the county court to order any money turned over to the disputed claimant; that it merely confers jurisdiction upon the county court to examine the suspected party, *and that the power ends when that purpose is accomplished.*"

The law is definitely settled in this jurisdiction that the county court cannot try title to property which is in dispute.

In the instant case, want of jurisdiction in the county court appeared affirmatively on the face of the record, and under the authorities above cited the judgment assigning the disputed property in the estate of Sophia C. Esser is void. As to the securities owned jointly, the rule as announced in *Estate of Staver,* 218 Wis. 114, 125, 260 N. W. 655, is directly in point and rules the instant case; that is, Mr. Esser, by right of survivorship takes by virtue of the terms of the instruments. In the *Staver Case, supra,* the court held that the inventory and executor's final account should accordingly be corrected. The court further held that the county court had no jurisdiction over the certificates of deposit (jointly owned) as assets of the estate. Mr. Esser, by right of survivorship, took title to all the securities listed in the complaint which were in the names of Werner B. Esser and Sophia C. Esser, jointly, and there can be no serious question as to his right to have the securities which were either payable to him or registered in his name. These securities were not listed in the final judgment in the wife's estate. They were listed in the inventory through error, and the error having been made in the inventory as to the joint securities, we can readily understand how the error was carried into the final judgment. The description of all the securities jointly held was copied from the inventory into the final judgment. Of course, it was entirely proper and is the usual practice to list joint securities in the inventory for the purpose of computing the inheritance tax.

Respondent contends that Mr. Esser having acted as executor of his wife's will, and having appeared in the proceedings in the probate of her will in his capacity as executor and as a beneficiary under the will, was thereby estopped to deny the validity of any of the proceedings in the probate of her estate, including the final judgment. This contention cannot

be sustained. There is no element of estoppel in the case. In *Estate of Abddulah,* 214 Wis. 336, 341, 252 N. W. 158, the widow as coadministrator of her husband's estate listed property held jointly with her in the inventory of her husband's estate. In sustaining the right of the widow on motion to strike the joint property from the inventory, the court said:

"The respondents urge that Lilly Abddulah was originally a coadministrator of the estate and that by the entry of the items in the inventory she is estopped from asserting her ownership thereof. We see no element of estoppel by reason of the insertion. The estate was not thereby induced to take or keep from taking any steps to its disadvantage."

This rule applies in the instant case. In any event, the court was without jurisdiction to make any adjudication as to the rights of the husband to the joint property, and, as stated above, while his individual securities were included in the inventory, they were not included in the final judgment.

Respondent contends that the record in the Sophia C. Esser estate fails to show in whose name or in what manner the securities in question were issued or were payable. Reference has been made to the manner in which the inventory in Mrs. Esser's estate was prepared and filed with the county court. We think the inventory clearly shows the securities held jointly by Mr. and Mrs. Esser. In the present action, brought by order of the county court to determine the ownership of the securities in question, the complaint sets out specifically in paragraph three all the securities jointly held by Mr. and Mrs. Esser, giving the bond or certificate number as the case may be, the amount, number of shares, and, in each instance, to whom payable. They all contain appropriate language of joint ownership. There is some variation. For example, in some the following language is used: "Registered in the name of Mr. and Mrs. W. B. Esser or sur-

vivor;" "Registered in the name of Werner B. Esser or Sophia C. Esser or either;" "Issued to Mr. and Mrs. W. B. Esser;" "Payable to Werner B. Esser and Sophia C. Esser;" "Payable to W. B. Esser or wife." The remaining securities referred to in paragraph three of the complaint belonged to Mr. Esser at the time of his wife's death. It appears that they were erroneously listed in the inventory of the wife's estate and some were listed in the final judgment. They were no part of Mrs. Esser's estate.

The respondent contends that certain securities which belonged to Mrs. Esser at the time of her death were thereafter disposed of by her husband, the proceeds of which were invested by him in securities taken or registered in his name, and therefore the respondent's interest as special administrator of Sophia C. Esser's estate may be traced into certain securities held by Mr. Esser at the time of his death. The appellant contends that by her will Sophia C. Esser gave the entire use and benefit of her estate to her husband for life with power to use as much of the principal as he saw fit and whatever remained at his death over to other legatees. We do not deem it necessary to construe Mrs. Esser's will. If there was an unlawful conversion by the husband of any of the assets of her estate a claim therefor should have been filed against the husband's estate. See *Estate of Abddulah, supra,* p. 341.

We are of the opinion that appellant was entitled to judgment declaring and establishing its title as executor of the estate of Werner B. Esser in and to the securities in question as prayed for in its complaint.

*By the Court.*—Judgment reversed, and record remanded with directions to enter judgment in accordance with this opinion.