In the MATTER OF the GUARDIANSHIP OF John A.
WISNEWSKI, Incompetent:

WISCONSIN VALLEY TRUST COMPANY, Appellant,

v.

Arthur WISNEWSKI, Florence Szymanski, Viola Thompson, Mark Wisnewski, Robert Wisnewski, Elmer Wisnewski, Joan Boser, and Bernice Wisnewski, Respondents.

Court of Appeals

*No. 80–246. Submitted on briefs September 9, 1980.—
Decided January 27, 1981.*
(Also reported in 302 N.W.2d 79.)

For the appellant the cause was submitted on the brief of *Trembath, Hess, Miller & Seidl, S.C.,* of Wausau.

For the respondent the cause was submitted on the brief of *Timken, Lonsdorf, Mallery, Andraski & Garske, S.C.,* of Wausau.

Before Donlin, P.J., Foley, J., and Dean, J.

DEAN, J. The Wisconsin Valley Trust Company, guardian of John A. Wisnewski, appeals the circuit court order denying further relief pursuant to sec. 879.61, Stats.,[1] regarding the suspected concealment of John Wisnewski's assets. The Trust Company contends that the circuit court abused its discretion by limiting the scope of the proceedings to the issue of John Wisnewski's competency at the time the assets were transferred. The Trust Company also challenges the court's finding that

---

[1] Section 879.61, Stats., provides:

Discovery proceedings. Any personal representative or any person interested who suspects that any other person has concealed, stolen, conveyed or disposed of property of the estate; or is indebted to the decedent; possesses, controls or has knowledge of concealed property of the decedent; possesses, controls or has knowledge of writings which contain evidence of or tend to disclose the right, title, interest or claim of the decedent to any property; or possesses, controls or has knowledge of any will of the decedent, may file a petition in the court so stating. The court upon such notice as it directs, may order the other person to appear before the court or a court commissioner for disclosure, may subpoena witnesses and compel the production of evidence and may make any order in relation to the matter as is just and proper.

John Wisnewski was competent. Because the circuit court did not limit the scope of these proceedings, and because the finding that there was insufficient evidence of incompetency is immaterial to the court's denial, we affirm.

John Wisnewski was declared incompetent in October, 1978. In April, 1978, while residing in an infirmary, John Wisnewski entered into an agreement to sell his home. The details regarding this transaction were handled by Arthur and Bernice Wisnewski, John's son and daughter-in-law. The check for the sale of the home was received by Arthur, who then cashed it. Arthur and Bernice disposed of John's personal property through an auction and by gifts to family members. The location of these assets is unknown. An order to show cause and orders for appearance were secured by the Trust Company and served upon various members of the Wisnewski family in an attempt to ascertain the assets to be included in the inventory of John Wisnewski's estate.[2] Proceedings were commenced under secs. 880.16 (4)[3] and 879.61, Stats.[4]

Earlier versions[5] of the statutes relied upon in this case were interpreted as providing only a means of discovery and did not allow a determination of claims to

[2] *See* sec. 880.191, Stats.

[3] Section 880.16 (4), Stats., provides:

FRAUD AS TO WARD'S ESTATE. Upon complaint made to the circuit court by any guardian or ward, or by any creditor or other person interested in the estate, or by any person having any prospective interest therein, as heir or otherwise, against any person suspected of having concealed, stolen or conveyed away any of the money, goods, effects or instruments in writing belonging to the ward the court may cite and examine such suspected person and proceed with him as to such charge in the same manner as is provided with respect to persons suspected of concealing or stealing the effects of a deceased person in s. 879.61.

[4] Section 879.61, Stats.

[5] *See* §§319.23 and 312.06, Stats. (1925).

property in dispute.[6] Later, as the jurisdiction to determine title to property was extended,[7] courts proceeding under these statutes made findings and entered judgments.[8] The use of these statutes merely as a discovery device, however, was not prohibited.[9] Thus, these statutes currently serve a dual function, providing for either discovery or an adjudication of title to disputed property. Which of these two functions is being sought must be determined from the nature of the Trust Company's request.

In this instance, the Trust Company brought an order to show cause and not a formal complaint. An order to show cause is equivalent to a notice of motion, and the court proceeds as upon a motion.[10] The Trust Company did not raise the issues of undue influence, fraud, or breach of a confidential relationship in its order, nor did it specifically request an adjudication as to the ownership of the assets.[11] Moreover, in the affidavit accompanying the order to show cause, the Trust Company stated that it merely wished to learn the whereabouts and disposition of certain assets. We must conclude that the Trust Company initiated a discovery proceeding and not a suit to determine title to property.

The Trust Company argues that the circuit court limited the scope of these proceedings to the issue of John's competency at the time he entered into the agree-

[6] *Estate of Schaefer,* 189 Wis. 395, 207 N.W. 690 (1926).

[7] *Estate of Nols,* 251 Wis. 90, 28 N.W.2d 360 (1947).

[8] *Will of Kalicicki,* 33 Wis.2d 277, 147 N.W.2d 343 (1967).

[9] *Estate of Nols,* note 7.

[10] *Kling v. Sommers,* 252 Wis. 217, 31 N.W.2d 206 (1948).

[11] The order to show cause stated:
IT IS THEREFORE ORDERED, that Arthur Wisnewski and Bernice Wisnewski . . . show cause before me . . . why they should not be compelled to produce and turn over to the Guardian herein any and all of said assets that may have been in the[ir] possession.

ment to sell his home. It maintains that the court repeatedly explained this to be the purpose of the proceeding. We disagree.

The opportunity for discovery during these proceedings was not limited by the court in any way. The Trust Company freely questioned the witnesses regarding the whereabouts and amounts of the assets supposedly misappropriated from John. The proceedings ended when the Trust Company acknowledged that it had called its final witness. The court's reference to John's mental state at the time of the real estate transaction merely indicated an issue which, upon sufficient showing of incompetency, would have caused the court to order further relief. Since there is no evidence indicating an improper limitation of discovery, we cannot conclude that the circuit court abused its discretion during these proceedings.

The Trust Company also contends that the circuit court erred in not making a determination regarding undue influence or breach of a confidential relationship. We disagree. By its order, the Trust Company requested and received a discovery proceeding, not a formal adjudication. Legal conclusions reaching these issues would have therefore been inappropriate.

The Trust Company further argues that the circuit court's finding that the evidence of incompetency was insufficient to overcome the presumption of competency was against the great weight and clear preponderance of the evidence. It contends that the court erroneously ignored uncontroverted expert medical testimony, and that this constituted an abuse of the court's discretion.

Since these proceedings were conducted solely for the purpose of discovery, the circuit court had but one determination to make: whether any further relief would

be granted. This determination rests entirely upon the discretion of the court,[12] and the court's determination will not be set aside on appeal unless there is a clear abuse of discretion.[13] In reaching its determination, the court should have borne in mind the following factors: (1) The extent to which an opportunity for a quick and complete examination had been provided to prevent deception or surprise; (2) the potential abuse of discovery as a fishing expedition, delaying tactic or harassment device; and (3) the availability of alternative discovery methods.[14]

A review of the circuit court's order reveals that its reasons for denial are not material to the factors to be considered in such a determination. A decision that requires the exercise of discretion and that on its face demonstrates no consideration of any of the factors on which the decision should be properly based constitutes an abuse of discretion.[15] We are obliged to uphold a discretionary decision, however, if we can conclude *ab initio* from the record that there are facts that would support the circuit court's decision had discretion been exercised on the basis of those facts.[16]

In these proceedings, the Trust Company had been provided with an opportunity for thorough examination, as evidenced by the range of questions permitted. The Trust Company acknowledged that it had no further witnesses to testify.[17] In addition, these proceedings were con-

[12] Sections 879.61 and 880.16(4), Stats.

[13] *Shibilski v. St. Joseph's Hosp. of Marshfield, Inc.*, 83 Wis.2d 459, 266 N.W.2d 264 (1978).

[14] *See Maier Constr., Inc. v. Ryan*, 81 Wis2d 463, 260 N.W.2d 700 (1978).

[15] *McCleary v. State*, 49 Wis.2d 263, 182 N.W.2d 512 (1971).

[16] *Klimas v. State*, 75 Wis.2d 244, 249 N.W.2d 285 (1977).

[17] The circuit court did not limit the Trust Company when questioning brought forth responses claiming fifth amendment protection. The court adjourned the proceedings until the district

ducted at three separate meetings over a span of eight months without the initiation of a separate legal action. Moreover, there was no indication that the Trust Company could not pursue other discovery techniques[18] or that relevant information would be lost without an immediate order. Had the circuit court based its denial on these facts, it would have properly exercised its discretion. We must therefore uphold the circuit court's decision.

We wish to stress that the findings made by the circuit court do not have the effect of *res judicata* or collateral estoppel. For a final order to operate as *res judicata* and be conclusive of evidence of a fact sought to be established, that fact must appear to be material or essential to the final decision.[19] Since the circuit court's reasons for denial were not material, the Trust Company may pursue these issues in any later action it might bring.

*By the Court.*—Order affirmed.

---

attorney could be obtained to consider whether immunity would be granted upon waiver. At the next meeting, the court refused to give blanket immunity to the Wisnewski family, but decided to consider immunity on an individual basis. The court then excused the district attorney saying, "[i]f we need your services for the purpose of immunity, we will contact you." Transcript, at 148. The Trust Company proceeded with the discovery but did not encounter a fifth amendment response.

[18] Should the Trust Company initiate a legal action, discovery pursuant to ch. 804, Stats., would be available.

[19] *Keller v. Schuster,* 54 Wis.2d 738, 196 N.W.2d 640 (1972).