STATE of Wisconsin EX REL. Donald James JOHNSON,
Petitioner-Appellant,

v.

Edwin WILLIAMS, Sheriff for Adams County,
Respondent.

Court of Appeals

*No. 82–1539. Submitted on briefs June 1, 1983.—*
*Decided July 26, 1983.*
(Also reported in 338 N.W.2d 320.)

For the petitioner-appellant the cause was submitted on the briefs of *Jerold A. Gilbert* and *Crowns, Merklein, Midthun & Metcalf, S.C.* of Wisconsin Rapids.

For the respondent the cause was submitted on the brief of *Bronson C. La Follette*, attorney general, and *Michael R. Klos*, assistant attorney general.

Before Gartzke, P.J., Dykman, J. and W.L. Jackman, Reserve Judge.

W.L. JACKMAN, Reserve Judge. This is an appeal from an order which quashed a writ of *habeas corpus* and denied a stay to permit an appeal.

Appellant was released from the Federal Correctional Institution at Oxford, Wisconsin, on June 14, 1982, to the custody of the Sheriff of Adams County. On July 23, 1982, on the requisition of the Governor of Michigan, the Governor of Wisconsin issued an extradition warrant for appellant. On the petition of appellant the circuit court issued a writ of *habeas corpus* on August 9, 1982, to permit appellant to have an attorney appointed for him. On August 16, 1982, appellant refused to waive extradition.

At the end of the hearing on August 16, 1982, the court announced, "Okay, sir, you're on your way to Michigan." Appellant's attorney requested a stay to permit an appeal to which the court said:

If you desire to be held any further time in Wisconsin you'll have to go to the Court of Appeals to get a stay from that court and that's it. I know the State of Michigan won't get here that fast and I'm sure you can get down to the Court of Appeals in a day. So I won't grant any stay from this court, period.

Notice of appeal was filed with the Court of Appeals on August 16, 1982. August 18, 1982, the Court of Appeals received a petition for a stay and motion for a stay pending appeal. The presiding judge promptly notified the sheriff of Adams County that the stay would be granted, but by the time the sheriff was so notified the appellant was on his way to the plane which took him to Michigan and was not stopped by the sheriff.

Since appellant is apparently in the hands of the Michigan authorities, beyond the jurisdiction of Wisconsin court, we can do nothing to obtain his return to the jurisdiction of this court. Since we can give no relief to appellant, the case is moot. The issue, however, is of public importance and our decision will guide trial courts in similar situations. *Oshkosh Student Asso. v. Board of Regents,* 90 Wis. 2d 79, 82, 279 N.W.2d 740, 741 (Ct. App. 1979).

We recognize that the grant or denial of a stay is a discretionary act of the trial court. The reason given by the court for refusing the stay was that it was unnecessary. The trial court took the position that the discretion was to be exercised by the appellate court. The trial court failed to exercise discretion and, if it did, there exists no reasonable basis for the court's determination. There is, therefore, an abuse of discretion. *Wisconsin Public Service Corp. v. Krist,* 104 Wis. 2d 381, 395, 311 N.W.2d 624, 631 (1981) *aff'g* 100 Wis. 2d 745, 303 N.W.2d 854 (Ct. App. 1981) ; *In Matter of Guardianship of Wisnewski,* 100 Wis. 2d 391, 396, 302 N.W.2d 79, 82 (Ct. App. 1981).

The refusal, without reason, to permit a few day's stay to permit the appellant to seek relief in the court of appeals was not only an abuse of discretion but also offends our sense of fairness. The appellant's position is based on the contention that the Michigan trial court's judgment was made after the date on which the certificate of the trial judge's authority to act indicated that her term had expired. The position of appellant was at least debatable and not frivolous. Every person is entitled to a fair opportunity to be heard in the court of appeals unless his appeal is frivolous.

We have no way of compelling appellant's return to Wisconsin to permit the issue to be determined on the merits. We recognize, however, an obligation to point out to trial courts the necessity of permitting persons accused of crime to exhaust their remedies before the court of appeals in accordance with the laws of this state.

For the foregoing reasons, the order of the circuit court for Adams County is reversed.

*By the Court.*—Order reversed.